**Robert Ray RIVERA, Petitioner—Appellant,**

v.

**Cheryl K. PLILER, Warden; Bill Lockyer, Attorney General, Respondents—Appellees.**

**No. 03–56199.**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Dec. 7, 2004.

Decided Dec. 30, 2004.

Douglas C. Brown, Esq., San Diego, CA, for Petitioner–Appellant.

Robert Ray Rivera, Represa, CA, Teresa Torreblanca, Office of the California Attorney General, San Diego, CA, for Respondents–Appellees.

Before: B. FLETCHER, RYMER, and PAEZ, Circuit Judges.

MEMORANDUM *

Robert Ray Rivera brings this 28 U.S.C. § 2254 habeas petition alleging

---

* This disposition is not appropriate for publica-   tion and may not be cited to or by the courts

that errors at his jury trial deprived him of his constitutional rights under the Sixth and Fourteenth Amendments to the U.S. Constitution. Specifically, Rivera argues his constitutional right to an impartial jury was violated because a juror looked up the word "intent" in a dictionary. He also argues the trial court improperly inserted a reasonable person standard into the imperfect self-defense jury instruction. Finally, he argues the exclusion of testimony related to why he was carrying a gun violated his right to present a defense.

Rivera was convicted of first-degree murder, attempted voluntary manslaughter, assault with a semi-automatic firearm, and battery with serious bodily injury. He appealed in state court and the conviction was affirmed. He filed a habeas petition in federal district court. The district court, adopting the magistrate judge's report and recommendation, denied Rivera's habeas petition. We affirm.

On federal habeas review Rivera's petition is governed by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub.L. No. 104–132, 110 Stat. 1214 (Apr. 24, 1996). The issues presented by Rivera are reviewed to determine if the state court's decision "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1).

■ During jury deliberations at Rivera's trial a juror consulted a dictionary and looked-up the word "intent." Rivera challenged the juror's misconduct in the state trial court and in the California Court of Appeal. The trial court judge gave both the defense and the prosecution

an opportunity to interview several jurors. The prosecution submitted several juror affidavits confirming that a juror improperly used a dictionary but showing no sign of prejudice. Based on the juror affidavits both the trial court and the California Court of Appeal[1] found error but no prejudice.

There is no evidence that the dictionary definition of "intent" differed from the definition in the trial court's jury instructions. There is also no evidence that the jurors did not follow the trial court's jury instructions. In the absence of evidence showing either a factual dispute or suggesting prejudice, the California Court of Appeal's decision is not contrary to clearly established Supreme Court precedent.

■ Rivera also argues that the trial court's inquiry into the juror's misconduct was inadequate. He suggests an evidentiary hearing is necessary to investigate the dictionary incident. The defense and the prosecution had an opportunity to question several jurors. Neither the defense nor the prosecutor's investigation raised a specter of prejudice. Further inquiry through an evidentiary hearing is not required. *See* 28 U.S.C. § 2254(e).

■ Next, Rivera challenged the use of California Jury Instruction–Criminal ("CALJIC") 5.31 (Assault with Fists) for inserting a reasonable person standard into the imperfect self-defense instruction. The standard for granting habeas relief on the basis of an improper jury instruction is whether the challenged instruction "so infected the entire trial that the resulting conviction violates due process." *Estelle v. McGuire,* 502 U.S. 62, 72, 112 S.Ct. 475,

of this circuit except as provided by Ninth Circuit Rule 36–3.

**1.** The California Court of Appeal's decision is the last reasoned state court decision. It is

the basis for review. *Bailey v. Rae,* 339 F.3d 1107, 1112 (9th Cir.2003).

116 L.Ed.2d 385 (1991) (quoting *Cupp v. Naughten,* 414 U.S. 141, 147, 94 S.Ct. 396, 38 L.Ed.2d 368 (1973)). In Rivera's case, the trial court first gave the imperfect self defense instruction, CALJIC 5.17, which was an accurate statement of California law. The court then gave CALJIC 5.31 (Assault with Fists), a separate instruction containing a reasonable person standard. The imperfect self defense instruction and the assault with fists instruction were given as separate instructions and there is no reason to presume the jury confused the two instructions. Mere speculation that the jury confused the two instructions does not meet the standard for habeas relief. *See Middleton v. McNeil,* 541 U.S. 433, 124 S.Ct. 1830, 158 L.Ed.2d 701 (2004).

██ Rivera's final challenge is to the trial court's exclusion of testimony from a defense witness. The excluded testimony related to Rivera's reason for carrying a gun on the day of the shooting. The trial court excluded the testimony as hearsay. Rivera argued it was admissible under the California Evidence Code. The California Court of Appeal found that it was error to exclude the testimony but that no prejudice was suffered. The district court agreed because the testimony was cumulative of Rivera's own testimony and was not relevant to Rivera's reason for firing the weapon. We too agree.

**AFFIRMED.**