**Martin Earl DAWSON, Petitioner— Appellant,**

v.

**Ernest C. ROE, Warden, Respondent— Appellee.**

No. 03–56145.

United States Court of Appeals, Ninth Circuit.

Submitted Oct. 8, 2004.*

Decided Jan. 3, 2005.

Martin Earl Dawson, San Diego, CA, pro se.

Jerald L. Brainin, Esq., Los Angeles, CA, Peggie Bradford Tarwater, Esq., AGCA—Office of the California Attorney General (LA), Los Angeles, CA, for Respondent–Appellee.

Before: WALLACE, T.G. NELSON, and WARDLAW, Circuit Judges.

MEMORANDUM **

State prisoner Dawson appeals pro se from an order denying his federal habeas petition filed pursuant to 28 U.S.C. § 2254. The district court had jurisdiction pursuant to 28 U.S.C. §§ 2241 and 2254, and we have jurisdiction over this timely appeal under 28 U.S.C. §§ 1291 and 2253. We affirm.

The sole issue on which we issued a certificate of appealability is whether the state trial court violated Dawson's due process rights by failing to provide adequate instructions on his theory of the defense.

Because the California Supreme Court summarily denied review, we review the decision of the California Court of Appeal as the "last reasoned" state decision. *Ylst v. Nunnemaker,* 501 U.S. 797, 803–04, 111 S.Ct. 2590, 115 L.Ed.2d 706 (1991). Our review is limited by the Antiterrorism and Effective Death Penalty Act (AEDPA). *See* 28 U.S.C. § 2254.

We review Dawson's claim of instructional error by evaluating " 'whether the ailing instruction by itself so infected the entire trial that the resulting conviction violates due process.' " *Estelle v. McGuire,* 502 U.S. 62, 72, 112 S.Ct. 475, 116 L.Ed.2d 385 (1991), *quoting Cupp v. Naughten,* 414 U.S. 141, 147, 94 S.Ct. 396,

* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

38 L.Ed.2d 368 (1973). Where, as here, Dawson claims that the instructions given to the jury were ambiguous, "we inquire 'whether there is a reasonable likelihood that the jury has applied the challenged instruction in a way' that violates the Constitution." *Id., quoting Boyde v. California,* 494 U.S. 370, 380, 110 S.Ct. 1190, 108 L.Ed.2d 316 (1990). In applying these standards, the state court's decision must be tested against AEDPA. *See Middleton v. McNeil,* 541 U.S. 433, 124 S.Ct. 1830, 1833, 158 L.Ed.2d 701 (2004) (holding that "the state court did not unreasonably apply federal law when it found that there was no reasonable likelihood the jury was misled"). Although the state court did not address federal law issues, under AEDPA a state court need not even be aware of relevant Supreme Court cases, "so long as neither the reasoning nor the result of the state-court decision contradicts them." *Early v. Packer,* 537 U.S. 3, 8, 123 S.Ct. 362, 154 L.Ed.2d 263 (2002).

We agree with the analysis of the magistrate judge, as adopted by the district court. There was no reasonable likelihood that the jury applied the trial court's instructions in a way that violated the United States Constitution, or that any constitutional error occurred through failure to provide instructions. Thus, the decision of the California Court of Appeal was not objectively unreasonable and AEDPA precludes habeas relief.

AFFIRMED.