**Michael Lee CHILDRESS, Petitioner–Appellant,**

v.

**Mike KNOWLES, Warden; California Department of Corrections, Respondents–Appellees.**

**No. 07–15618.**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Nov. 8, 2007.

Filed Nov. 28, 2007.

Lawrence A. Gibbs, Esq., Law Office of Lawrence A. Gibbs, Berkeley, CA, for Petitioner–Appellant.

David A. Rhodes, DAG, Mary Jo Graves, Esq., Office of the California Attorney General, Sacramento, CA, for Respondents–Appellees.

Before: FERNANDEZ and McKEOWN, Circuit Judges, and KORMAN *, Senior Judge.

## MEMORANDUM **

This appeal from the denial of a petition for a writ of habeas corpus arises out of petitioner's conviction of second-degree murder, predicated on implied malice, and vehicular homicide. We affirm.

The appeal is grounded on two errors in jury instructions relating to the elements of the offense of murder in the second-degree based on implied malice. The first deals with the initial jury instructions.

---

* The Honorable Edward R. Korman, Senior United States District Judge for the Eastern District of New York, sitting by designation.

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

The second deals with a response the judge gave to a note from the jury.

■ Specifically, the trial judge charged the jury that the offenses of second-degree murder and manslaughter required a showing of general intent and that, "[w]hen a person intentionally does that which the law declares to be a crime, he or she is acting with general criminal intent even though he or she may not know that his action would be unlawful." This instruction, which reflected the language of CALJIC No. 3.30, should not have been given. Nevertheless, although the trial judge gave this instruction at the outset with respect to both the second-degree murder and the vehicular homicide offenses, three pages later in the transcript, when he specifically charged on murder in the second-degree, the trial judge correctly and explicitly instructed the jury on the circumstances when malice may be implied and the mental state necessary for a conviction. Under these circumstances, the California Court of Appeal did not unreasonably apply federal law when it held that the use of CALJIC No. 3.30 in this case, while erroneous, "was not prejudicial because the instruction could not have possibly confused the court's subsequent and clear recitation of the elements for second-degree murder, including the element of malice." See *Middleton v. McNeil,* 541 U.S. 433, 124 S.Ct. 1830, 158 L.Ed.2d 701 (2004).

More significantly, the issue at trial did not turn on whether petitioner acted with general intent, i.e., whether he knew that his conduct was unlawful. Instead, it turned on the issue of duress, on which the judge gave a correct instruction.

■ Finally, even if the otherwise erroneous instruction on general intent was not cured by the charge as a whole, the error was harmless. See *Neder v. United States,* 527 U.S. 1, 9, 119 S.Ct. 1827, 144 L.Ed.2d 35 (1999).

■ The second error committed by the trial judge is alleged to have been made in response to a question posed by the jury during its deliberation. Petitioner argues that the court's response compounded the initial error because it told the jury that petitioner's "fear could not negate the mental state of malice...." The answer did no such thing. On the contrary, by referencing his earlier instructions on murder, the answer instructed the jury that the burden was on the prosecution to prove beyond a reasonable doubt that the defendant was not acting under threats or menaces "that would cause a reasonable person to fear that his life would be in immediate danger if he did not engage in the conduct charged" and that "the defendant did not believe that his life was so endangered." CALJIC No. 4.40. Indeed, this was more than the defendant was entitled to under California law. See *People v. Anderson,* 28 Cal.4th 767, 122 Cal. Rptr.2d 587, 50 P.3d 368 (2002). Moreover, because the case turned on the issue of duress, the judge's allusion to general intent in his response to the jury question was harmless for the reasons stated above.

Petitioner's final argument on the response to the jury's inquiry is that the trial judge erred in rejecting his request to charge that "fear could have been a factor that would have moved away from the necessary implied malice." However, on the facts and instructions in this case, it is apparent that the jury found beyond a reasonable doubt that Childress did not act under the influence of fear or duress, and he may well have received even more favorable instructions than he was entitled to.

AFFIRMED.