Eleutorio CORTIJO, Petitioner–Appellant,

v.

Floyd G. **BENNETT**, Superintendent, Elmira Correctional Facility, Eliot Spitzer, New York State Attorney General, Respondents–Appellees.

No. 04–4269–pr.

United States Court of Appeals, Second Circuit.

May 4, 2006.

Lawrence T. Hausman, The Legal Aid Society, Criminal Appeals Bureau, New York, New York, for Appellant.

Mary C. Farrington, Assistant District Attorney (Robert M. Morgenthau, District Attorney for New York County, Alan Gadlin, Assistant District Attorney, on the brief), New York, New York, for Appellees.

PRESENT: Hon. WALKER, Jr., Chief Judge, Hon. JAMES L. OAKES, and Hon. DENNIS JACOBS, Circuit Judges.

### SUMMARY ORDER

Petitioner-appellant Eleutorio Cortijo appeals from a July 9, 2004, judgment of the United States District Court for the Southern District of New York (Richard Conway Casey, *Judge*) denying his petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. We assume familiarity with the facts and the procedural history of the case.

Cortijo's single claim, both here and below, is that the state trial court's supplemental charge had the effect of lowering or shifting the state's burden of proof. Underlying this claim is an amorphous jury note, which prompted the trial court's allegedly defective charge. The meaning of this note has been the subject of significant controversy between the parties; it is relevant to the extent that it bears on whether the jury was reasonably likely to misapply the supplemental charge.

The parties did not include an actual copy of the disputed note in their initial briefings to this court. Instead, they cited to an iteration of the note, as reflected in the trial transcript. When the trial judge first read the note's contents to the lawyers, he restated the note as providing: " 'The defendant's case included evidence that the defendant's statements may not be truthful *and* that the statements made [sic] be the result of delusions,' plural." Appendix at 100 (emphasis added). But when the judge reread the note in the presence of the jury, the note's contents took on a potentially different meaning: " 'The defendant in this defendant's case [sic] included evidence that the defendant's statements may not be truthful, *parentheses,* that the statements may be the result of delusions. *Close parentheses.' "* Appendix at 113 (emphasis added).

Neither party noticed the discrepancy; both briefed the case as if the trial judge's first reading accurately reflected the contents of the note, including its use of the conjunctive "and". In fact, the State expressly relies on the conjunctive "and" as an indication that the jury distinguished between confessions that are "not truthful" and those that are "the result of delusions." *See* Appellees' Br. at 44.

At oral argument, a member of this panel identified the discrepancy and requested that counsel submit a copy of the jury's actual note. Counsel submitted a copy for the record, and it indicates that the trial judge's second reading more accurately reflects the text of the actual note, a reproduction of which is recounted in the margin.*

Because the jury's note is central to Cortijo's claim, and because the district court rendered its judgment without the benefit of the actual text of that note, we conclude that the prudent course would be to allow the district court to pass on the note's meaning in the first instance, after having the benefit of new briefing by the parties. The briefing should be comprehensive, and not simply limited to a discussion of the effect of the new note on the district court's previous opinion.

This case presents complicated legal questions, including whether the state court's application of the "reasonable likelihood" standard was "objectively unreasonable." *Cf. Middleton v. McNeil,* 541 U.S. 433, 437, 124 S.Ct. 1830, 158 L.Ed.2d 701 (2004). We are confident that the district court will proceed with the same care and comprehensiveness on remand as it did when it initially decided this case.

---

* WE THE JURY REQUEST that we receive further instructions on reasonable doubt and the burden of proof in the context of the people's rebuttal to the [defendant]'s case. With regards to the people's initial case, Judge Solomon instructed us that the people must prove beyond a reasonable doubt that the [defendant]'s statements were (1) made in fact, (2) voluntary and (3) truthful. The [defendant]'s case included evidence that the [de-fendant]'s statements may not be truthful (that the statements may be the result of delusions).

Do the people have the burden to rebut this evidence and what is the standard of proof? In other words, must the people prove beyond a reasonable doubt that the [defendant]'s statements were not a result of delusions? (Court Ex. XVII.)

Accordingly, and for the foregoing reasons, the judgment of the district court is **VACATED** and the case is **REMANDED** for further proceedings consistent with this order.