10-2348-pr
Cortijo v. Bennett

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

# SUMMARY ORDER

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this court's Local Rule 32.1.1. When citing a summary order in a document filed with this court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 16th day of May, two thousand eleven.

PRESENT:
      JON O. NEWMAN,
      GUIDO CALABRESI,
      PETER W. HALL,
           *Circuit Judges.*

_____

ELEUTORIO CORTIJO,

                  *Petitioner-Appellant,*

      v.                  No. 10-2348-pr

FLOYD G. BENNETT, JR., SUPERINTENDENT ELMIRA CORRECTIONAL FACILITY, ANDREW M. CUOMO, NEW YORK STATE ATTORNEY GENERAL,

                  *Respondents-Appellees.[1]*

_____

FOR APPELLANT:      LAWRENCE T. HAUSMAN, New York, New York.

FOR APPELLEES:      MARY C. FARRINGTON, Assistant District Attorney (Alan Gadlin, Assistant District Attorney, *of counsel*), *for* Cyrus R. Vance, Jr., District Attorney, New York County, New York, New York.

_____

[1] The Clerk of Court is directed to amend the caption as set forth above.

1

Appeal from a judgment of the United States District Court for the Southern District of New York (Preska, *C.J.*).  **UPON DUE CONSIDERATION**, **IT IS HEREBY ORDERED, ADJUDGED, AND DECREED**, that the order of the district court is **AFFIRMED**.

Petitioner-Appellant Eleutorio Cortijo appeals from the May 17, 2010 order of the United States District Court for the Southern District of New York (Preska, *C.J.*) denying his petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  Cortijo's petition challenges the final judgment of the New York Supreme Court, Appellate Division entered February 28, 2002, affirming his conviction for murder in the second degree.  In a prior proceeding this Court remanded the case to the district court (Casey, *J.*) because it had rendered its judgment without the benefit of the actual text of an ambiguous jury note (the "note") central to Cortijo's petition. *Cortijo v. Bennett*, 179 F. App'x. 776, 777 (2d Cir. 2006) (unpublished summary order). Cortijo's single claim, both here and below, is that the state trial court violated his due process rights by erroneously interpreting the meaning of this note and, by way of a supplemental jury charge, effectively reduced the state's burden of proof or shifted that burden from the state to him.  We assume the parties' familiarity with the facts, procedural history, and the scope of the issues presented on appeal.

We review *de novo* the district court's denial of Cortijo's habeas application. *Policano v. Herbert*, 430 F.3d 82, 87 (2d Cir. 2005).  Because the Appellate Division decided Cortijo's claim on the merits even though the court did not articulate the rationale for rejecting it, we may not grant habeas relief unless we conclude that the state court's disposition of the claim amounted to an "unreasonable application" of clearly established Supreme Court precedent. *See Sellan v. Kuhlman*, 261 F.3d 303, 311-12 (2d Cir. 2001); *see also* 28 U.S.C. § 2254(d)(1).  "Where, as

2

here, the state court's application of governing federal law is challenged, it must be shown to be not only erroneous, but objectively unreasonable." *Yarborough v. Gentry*, 540 U.S. 1, 5 (2003).

Cortijo's habeas claim invokes the due process requirement that the prosecution in both state and federal cases prove all elements of a criminal offense and persuade the jury of the facts necessary to establish those elements beyond a reasonable doubt. *See Sullivan v. Louisiana*, 508 U.S. 275, 277-78 (1993). A jury instruction that is constitutionally deficient because it reduces the prosecution's burden or shifts the burden to a defendant cannot be harmless error. *See id.* at 281.

A jury charge violates due process when there is a "'*reasonable likelihood* that the jury has applied the challenged instruction in a way' that violates the [rights enunciated above]." *Middleton v. McNeil*, 541 U.S. 433, 437 (2004) (quoting *Estelle v. McGuire*, 502 U.S. 62, 72 (1991)) (emphasis added). The Supreme Court has stated, however, that "not every ambiguity, inconsistency, or deficiency in a jury instruction rises to the level of a due process violation," and it has focused our inquiry on "whether the ailing instruction so infected the entire trial that the resulting conviction violates due process." *McNeil*, 541 U.S. at 437 (internal quotation marks omitted). We assess an allegedly flawed charge in the context of the overall instructions and evaluate whether there is a reasonable likelihood that the jury has applied an ambiguous instruction in a way that violates a defendant's federal rights. *See id.* A petitioner seeking habeas relief based on a trial court's jury charge therefore faces a heavy burden.

On appeal, Cortijo specifically contends that because the prosecution's case relied almost entirely on his inculpatory statements that he killed his father, it was necessary for the state to do two things at trial. First, the state had the burden to prove beyond a reasonable doubt the truth of

Cortijo's statements. Second, and as a corollary to the first requirement, the state had the burden to disprove beyond a reasonable doubt the defense's evidence introduced to prove the statements were false—i.e., the expert psychiatric evidence introduced at trial that Cortijo's stated belief that he killed his father was likely a "fixed false belief." Cortijo submits that the trial court violated his due process rights because the court's supplemental charge, inter alia, informed the jury that the prosecution did not have to disprove the defense evidence beyond a reasonable doubt in order to convict him. He asserts this amounted to a constitutional violation because the jury likely understood the trial court's supplemental instruction as diminishing or shifting the state's burden of proof concerning the truth of Cortijo's confessions.

We begin our analysis with the meaning of the jury note. Assuming arguendo that the trial court erred in its interpretation of the final question in the note and additionally that Cortijo's interpretation is both reasonable and correct—i.e., whether the state had the burden to disprove beyond a reasonable doubt the defense's expert evidence that Cortijo's inculpatory statements were likely based on a "fixed false belief"—we cannot hold that the trial court's "no" response to this question during its supplemental instruction created a reasonable likelihood that the jury applied the charge in violation of the Constitution.

In light of the overall jury instructions in this case it is clear that the state had the burden of proof at trial, that burden was proof beyond a reasonable doubt, and the burden never shifted to the defense, regardless of whether the defense presented its own evidence during its case-in-chief. *See Boyde v. California*, 494 U.S. 370, 378 (1990) ("'[A] single instruction to a jury may not be judged in artificial isolation, but must be viewed in the context of the overall charge.'" (quoting *Cupp v. Naughten*, 414 U.S. 141, 146-47 (1973)). Additionally, it is also clear from the instructions that the jury was to give "no weight whatsoever" to any inculpatory statement from

4

Cortijo unless it found beyond a reasonable doubt that Cortijo in fact made the statement, that he made it voluntarily, and that it was truthful in whole or in part. Finally, since we must assess an allegedly flawed charge in the context of the overall jury instructions, *see Boyde*, 494 U.S. at 378, it is telling that the trial court instructed the jury to "weigh all the evidence in the case and decide [what] is credible and worthy of . . . consideration." (emphasis added).

Accordingly, the state did not need to disprove the defense's expert evidence in order to comply with Cortijo's due process guarantee that the state prove beyond a reasonable doubt the truth of his inculpatory statements. *See In re Winship*, 397 U.S. 358, 364 (1970). We hold, therefore, that no reasonable likelihood exists that the jury applied the disputed instruction in violation of the Constitution. *See McNeil*, 541 U.S. at 437.

To the extent such a reasonable likelihood can be said to exist, we note that "[a]s a condition for obtaining habeas corpus from a federal court, a state prisoner must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Harrington v. Richter*, 131 S. Ct. 770, 786-87 (2011). As the foregoing discussion illustrates, Cortijo has failed to meet that burden, the Appellate Division did not unreasonably apply federal law in rejecting Cortijo's claim, and thus the district court properly denied his petition for a writ of habeas corpus.

For the reasons stated, the order of the district court is **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

5