NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | | |
|---|---|---|
| ABELARDO CHAPARRO, | ) | No. 10-15295 |
| | ) | |
| Petitioner – Appellant, | ) | D.C. No. 2:03-cv-00701-DGC |
| | ) | |
| v. | ) | **MEMORANDUM**[*] |
| | ) | |
| IVAN BARTOS; | ) | |
| TERRY GODDARD, | ) | |
| | ) | |
| Respondents – Appellees. | ) | |
| | ) | |

Appeal from the United States District Court
for the District of Arizona
David G. Campbell, District Judge, Presiding

Submitted July 18, 2012[**]
San Francisco, California

Before:    FERNANDEZ, PAEZ, and NGUYEN, Circuit Judges.

Abelardo Chaparro appeals the district court's denial of his petition for a

writ of habeas corpus. See 28 U.S.C. § 2254. We affirm.

---

[*]This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]The panel unanimously finds this case suitable for decision without oral
argument. Fed. R. App. P. 34(a)(2).

(1)     Chaparro asserts that the district court erred in denying relief on his claim regarding an ambiguous self-defense instruction.  The state court determined that even if counsel unreasonably[1] offered an ambiguous self-defense instruction,[2] there was no prejudice;[3] it pointed out that a closely following instruction clarified that ambiguity.[4]  Moreover, both the state court and the district court noted that substantial (indeed overwhelming) evidence weighed against the self-defense claim.  We are unable to say that the state court's determination was unreasonable.  See Harrington v. Richter, __ U.S. __, __, 131 S. Ct. 770, 785–86, 178 L. Ed. 2d 624 (2011).  The district court did not err.

(2)     Chaparro then asserts that the district court erred in denying relief on his claim regarding excluded evidence.  The state court determined that even if counsel's performance was deficient in failing to obtain admission of excluded

---

[1]See Padilla v. Kentucky, __ U.S. __, __, 130 S. Ct. 1473, 1482, 176 L. Ed. 2d 284 (2010); Strickland v. Washington, 466 U.S. 668, 687, 104 S. Ct. 2052, 2064, 80 L. Ed. 2d 674 (1984).

[2]See State v. Grannis, 900 P.2d 1, 9–10 (Ariz. 1995), overruled on other grounds by State v. King, 235 P.3d 240, 242–43 (Ariz. 2010).

[3]See Padilla, __ U.S. at __, 130 S. Ct. at 1482; Strickland, 466 U.S. at 694, 104 S. Ct. at 2068.

[4]See Middleton v. McNeil, 541 U.S. 433, 438, 124 S. Ct. 1830, 1833, 158 L. Ed. 2d 701 (2004) (per curiam).

2

testimony of a witness,[5] there was no prejudice within the meaning of <u>Strickland</u>, 466 U.S. at 694, 104 S. Ct. at 2068; it pointed to the witness's inconsistencies, the partially cumulative nature of the testimony regarding the victim's threats, and the overwhelming evidence against the self-defense claim. On this record, we are unable to say that the state court's determination was unreasonable. The district court did not err.

(3) Chaparro next asserts that the district court erred when it refused to consider certain of his claims that were procedurally defaulted, due to his failure to raise them in the state courts. <u>See</u> <u>Beaty v. Stewart</u>, 303 F.3d 975, 987 (9th Cir. 2002). We agree that his procedural defaults would be excused if it could be shown that "it is more likely than not that no reasonable juror would have convicted him in the light of the new evidence" he has presented. <u>Schlup v. Delo</u>, 513 U.S. 298, 327, 115 S. Ct. 851, 867, 130 L. Ed. 2d 808 (1995); <u>see also</u> <u>Lee v. Lampert</u>, 653 F.3d 929, 938 (9th Cir. 2011) (en banc). However, taken with the other evidence in the record, the expert's affidavit on the issue of self-defense submitted by Chaparro does not meet that exacting standard. <u>See</u> <u>Schlup</u>, 513 U.S. at 327, 115 S. Ct. at 867; <u>Lee</u>, 653 F.3d at 938; <u>see also</u> <u>Smith v. Baldwin</u>, 510

---

[5]Presumably that testimony would have gone to Chaparro's state of mind.

3

F.3d 1127, 1140 (9th Cir. 2007) (en banc).  Thus, we reject that assertion.[6]

AFFIRMED.

---

[6]To the extent that Chaparro asserts a free-standing substantive actual innocence claim, we decline to consider it.  See 28 U.S.C. § 2253(c); Slack v. McDaniel, 529 U.S. 473, 483–84, 120 S. Ct. 1595, 1603, 146 L. Ed. 2d 542 (2000); Rhoades v. Henry, 598 F.3d 511, 515 n.6 (9th Cir. 2010).  Assuming that a claim of that sort can be made in this sort of case, it could not prevail here.  See Herrera v. Collins, 506 U.S. 390, 417, 113 S. Ct. 853, 869, 122 L. Ed. 2d 203 (1993); Cooper v. Brown, 510 F.3d 870, 885 (9th Cir. 2007).