**NOT PRECEDENTIAL**

UNTIED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 09-4529
_____

MICHAEL BOETTLIN, JR.,
                              Appellant

v.

PAUL K. SMEALS, SUPERINTENDENT;
THE DISTRICT ATTORNEY OF THE COUNTY
OF BERKS, JOHN T. ADAMS, ESQ. THE ATTORNEY
GENERAL OF THE STATE OF PENNYSLVANIA,

_____

On Appeal From the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil No. 2-08-cv-02261)
District Judge: Honorable Timothy J. Savage
_____

Submitted under Third Circuit LAR 34.1(a)
on March 4, 2013

Before:  RENDELL, AMBRO and VANASKIE, <u>Circuit Judges</u>

(Opinion filed: May 1, 2013 )

_____

**RENDELL,** <u>Circuit Judge</u>:

Michael Boettlin appeals the District Court's dismissal of his petition for writ of habeas corpus under 28 U.S.C. § 2254. For the reasons that follow, we will affirm the District Court's order of dismissal.

I.

In the early morning of July 25, 1987, Boettlin, then sixteen years old, and his co-defendant, John Calvaresi, broke into the apartment of Stanley Detweiler to commit robbery. When Detweiler confronted Boettlin and Calvaresi, Calvaresi tackled him and Boettlin kicked him multiple times in the face. Calvaresi later decapitated Detweiler. In addition to Detweiler's body, the crime scene included words written in Detweiler's blood on the apartment walls.

Based on these events, Boettlin was tried on several criminal charges before a jury in Westmoreland County, Pennsylvania.[1] Evidence at trial presented conflicting accounts of whether Boettlin was involved in the beheading. On August 15, 1988, the jury convicted Boettlin of first-degree murder, among other crimes, and he was sentenced to life imprisonment plus 20 to 40 years.

Boettlin timely appealed his sentence, which the Pennsylvania Superior Court affirmed on April 2, 1990. The Pennsylvania Supreme Court declined to

---

[1] The criminal complaint against Boettlin was filed in the Court of Common Pleas of Berks County, Pennsylvania. Upon an unopposed motion for change of venue, the case was transferred to Westmoreland County for trial.

review his appeal.  Boettlin then timely initiated proceedings under the Pennsylvania Post Conviction Relief Act ("PCRA"), including a claim of ineffective assistance of counsel for failure to object to certain jury instructions for first-degree murder, which Boettlin claimed were defective.  On November 16, 2005, the PRCA court dismissed the petition, concluding, in part, that the jury instructions were consistent with Pennsylvania law, thereby rendering Boettlin's ineffective counsel claim meritless.  The Pennsylvania Superior Court affirmed the dismissal, and the Pennsylvania Supreme Court denied allocatur.

On May 15, 2008, Boettlin timely filed his 28 U.S.C. § 2254 petition for writ of habeas corpus with the United States District Court for the Eastern District of Pennsylvania, claiming that:  (1) the improper jury instructions violated his due process rights; and (2) his trial attorney's failure to object to those instructions violated his Sixth Amendment right to effective assistance of counsel.[2]  On November 17, 2009, the District Court issued an order overruling Boettlin's objections to a Magistrate Judge's report and recommendation ("R&R"), approving and adopting the recommendations, and dismissing Boettlin's petition with prejudice.  In adopting the R&R, the District Court determined that the trial court's instructions on first-degree murder accurately embodied Pennsylvania law,

---

[2] Boettlin also asserted a violation of his *Miranda* rights, a claim that the District Court rejected and which Boettlin does not raise on appeal.

3

and consequently Boettlin's counsel was not ineffective for failing to object to them. Boettlin timely filed a notice of appeal.[3]

## II.[4]

Central to Boettlin's appeal is his contention that the trial court's jury instructions effectively eliminated the Commonwealth's burden to establish the specific intent requirement for first-degree murder. As a result, he claims both that the instructions violated his due process rights and that he received ineffective assistance of counsel due to his attorney's failure to object to the instructions.

---

[3] In adopting the R&R, the District Court rejected the Commonwealth's contention that Boettlin's due process claim is barred for failure to exhaust in state court and is now procedurally defaulted for failure to file within the PCRA's one-year limitations period. The Court determined that Boettlin's due process claim was fairly presented to the state courts through his ineffective assistance of counsel claim.

Although the Commonwealth revives the same exhaustion and procedural default arguments on appeal, we will not address them because, as we will discuss, Boettlin's due process claim is meritless and can be dismissed under 28 U.S.C. § 2254(b)(2). *See Carrascosa v. McGuire*, 520 F.3d 249, 255 & n.10 (3d Cir. 2008) (holding that under Section 2254(b)(2) district courts may deny unexhausted claims on the merits).

[4] The District Court had jurisdiction pursuant to 28 U.S.C. § 2254, and we have jurisdiction under 28 U.S.C. §§ 1291 and 2253. Because the District Court ruled on the petition without holding an evidentiary hearing, our review is plenary. *See Jacobs v. Horn*, 395 F.3d 92, 99 (3d Cir. 2005).

A federal court may grant habeas relief for a constitutional claim that a state court has adjudicated on the merits, and has "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1). "Where, as here, it is the state court's application of governing federal law that is challenged, the decision must be shown to be not only erroneous, but objectively unreasonable." *Waddington v. Sarausad*, 555 U.S. 179, 190 (2009) (internal quotation marks omitted).

4

"In a criminal trial, the State must prove every element of the offense, and a jury instruction violates due process if it fails to give effect to that requirement." *Middleton v. McNeil*, 541 U.S. 433, 437 (2004). An instruction violates due process when "the instruction contained some ambiguity, inconsistency, or deficiency," and "there was a reasonable likelihood that the jury applied the instruction in a way that relieved the State of its burden of proving every element of the crime beyond a reasonable doubt." *Williams v. Beard*, 637 F.3d 195, 223 (3d Cir. 2011) (internal quotation marks omitted).

The jury instructions here did not relieve the Commonwealth of its burden of proving all elements of first-degree murder. In Pennsylvania, "first-degree murder requires the specific intent to kill, and that *mens rea* is also required of accomplices and co-conspirators." *Laird v. Horn*, 414 F.3d 419, 425 (3d Cir. 2005); *see also* 18 Pa. Cons. Stat. §§ 306(c)-(d), 2502(a). Boettlin claims that the instructions improperly suggested that the jury could convict him as an accomplice to first-degree murder so long as Calvaresi had the specific intent to kill, and regardless of whether Boettlin, himself, possessed the specific intent to promote or facilitate the murder. Specifically, the parts of the jury charge that Boettlin claims are improper are as follows:

> [I]f you find that John Calvaresi actually had the specific intent, and actually killed Stanley Detweiler, with specific intent, so that John Calvaresi's crime was first degree murder, then, the only way that Michael Boettlin can also be found guilty of first degree murder is if Michael Boettlin [was] an accomplice . . . .
> . . . .

5

. . . You may find the Defendant guilty of murder in the first degree, if you are satisfied that each of the following 3 elements has been proven beyond a reasonable doubt. First, that Stanley Detweiler is dead, second, that an accomplice of the Defendant killed him, and third, that the killing was with specific intent to kill and with malice.

. . . .

. . . [Y]ou cannot find the Defendant guilty of first degree murder unless you are satisfied beyond a reasonable doubt that he and/or his accomplice had a specific intent to kill.

2 Resp't App. at 845:17-22; 848:25-849:6; 849:20-23.

However, we do not review parts of jury instructions in isolation, and we are "bound" to consider the instructions "as a whole." *Middleton*, 541 U.S. at 437. Thus, in addition to the specific language that Boettlin cites in his challenge, we are cognizant of the context in which the trial court made them. For example, the trial court initially instructed the jury about what an accomplice was as follows:

An accomplice may be defined as a person who knowingly and voluntarily cooperates with or aids another in the commission of a particular crime. Otherwise, it must have been the purpose of the accomplice to intend to commit the crime; that is, his conscious purpose, to commit the crime.

2 Resp't App. at 836:7-12. As another example, the trial court further explained that if the jury found that Calvaresi had the requisite specific intent and was guilty of first-degree murder, then

the only way that Michael Boettlin can also be guilty of first degree murder is if Michael Boettlin [was] an accomplice; that is, with the intent of promoting or facilitating the first degree murder of Stanley Detwailer, he, Michael Boettlin, solicited, commanded, encouraged, or requested John Calvaresi to commit first degree murder upon Stanley Detweiler, or that Michael Boettlin aided, or agreed to aid, or attempted to aid John Calvaresi in planning or committing the first degree murder upon Stanley Detweiler.

6

2 Resp't App. at 845:20-846:4.

Upon reviewing the jury instructions *in toto*, we agree with the District Court's determination that "the *entirety* of the instructions to the jury were both reasonable and a proper recitation of Pennsylvania law." Appellant App. at 22 (emphasis in original). Because the instructions embody an accurate reflection of state law, they were neither ambiguous nor objectively unreasonable so as to relieve the Commonwealth of its burden of proving every element of the crime. The District Court did not err in concluding that the instructions did not violate Boettlin's due process rights.

Furthermore, because the jury instructions were not improper, the District Court properly concluded that Boettlin's trial counsel was not deficient on these grounds. Boettlin's claim of ineffective assistance of counsel is unpersuasive.

### III.

Accordingly, we will affirm the District Court's order dismissing Boettlin's petition for habeas relief.