## MIDDLETON, WARDEN *v.* McNEIL

No. 03–1028.   Decided May 3, 2004

PER CURIAM.

## I

Respondent Sally Marie McNeil killed her husband after an argument over his infidelity and spending habits. The State of California charged her with murder. Respondent's theory at trial was that her husband had tried to strangle her during the argument, but that she had escaped, fetched a shotgun from the bedroom, and killed him out of fear for her life. Fingernail marks were indeed found on her neck after the shooting. She testified that her husband had been abusive, and a defense expert opined that she suffered from Battered Women's Syndrome. The State countered with forensic evidence showing that the fingernail marks were not her husband's and may have been self-inflicted, and with the testimony of a 911 operator who overheard respondent tell her husband she had shot him because she would no longer tolerate his behavior.

Under California law, "[m]urder is the unlawful killing of a human being . . . with malice aforethought." Cal. Penal Code Ann. § 187(a) (West 1999). The element of malice is negated if one kills out of fear of imminent peril. *In re Christian S.*, 7 Cal. 4th 768, 773, 872 P. 2d 574, 576 (1994). Where that fear is unreasonable (but nevertheless genuine), it reduces the crime from murder to voluntary manslaughter—a doctrine known as "imperfect self-defense." *Ibid.* At respondent's trial, the judge instructed the jury on these concepts as follows:

> " 'The specific intent for voluntary manslaughter, as opposed to murder, must arise upon one of [the] following circumstances:
>
> .          .          .          .          .
>
> " '[A]n honest but unreasonable belief in the necessity to defend oneself against imminent peril to life or great bodily injury. That would be imperfect self-defense.
>
> .          .          .          .          .

" 'To establish that a killing is murder [and] not manslaughter, the burden is on the People to prove beyond a reasonable doubt each of the elements of murder and that the act which caused the death was not done . . . in the honest, even though unreasonable, belief in the necessity to defend against imminent peril to life or to great bodily injury.

. . . . .

" 'A person, who kills another person in the actual but unreasonable belief in the necessity to defend against imminent peril to life or great bodily injury, kills unlawfully, but is not guilty of murder. This would be so even though a reasonable person in the same situation, seeing and knowing the same facts, would not have had the same belief. Such an actual but unreasonable belief is not a defense to the crime of voluntary manslaughter.

" 'An "imminent" peril is one that is apparent, present, immediate and must be instantly dealt with, or must so appear at the time to the slayer as a reasonable person.' " App. to Pet. for Cert. 31–33.

The last four words of this instruction—" 'as a reasonable person' "—are not part of the relevant form instruction, 1 California Jury Instructions, Criminal, No. 5.17 (6th ed. 1996), and were apparently included in error. The prosecutor's closing argument, however, correctly stated the law.

Respondent was convicted of second-degree murder and appealed on the basis of the erroneous jury instruction. The California Court of Appeal acknowledged the error but upheld her conviction, reasoning:

"[R]eversal is not required because '[e]rror cannot be predicated upon an isolated phrase, sentence or excerpt from the instructions since the correctness of an instruction is to be determined in its relation to the other instructions and in light of the instructions as a whole.'

Here, when all of the jury instructions on voluntary manslaughter and imperfect self-defense, are considered in their entirety, it is not reasonably likely that the jury would have misunderstood the requirements of the imperfect self-defense component of voluntary manslaughter. On the contrary, these instructions repeatedly informed the jury that if the defendant had an honest (or actual) but *unreasonable* belief in the need to act in self-defense, then the offense would be manslaughter and the defendant could not be convicted of murder. Furthermore, in arguing to the jury, the prosecutor set forth the appropriate standard, stating '[i]f you believe it is an imperfect self-defense, that she actually believed but that a reasonable person would not believe in the necessity for self-defense, that lessens the crime to what is called, "voluntary manslaughter."'" App. to Pet. for Cert. 33–34 (citations omitted).

Respondent then sought federal habeas relief. The District Court denied her petition, but the Ninth Circuit reversed. 344 F. 3d 988 (2003). We now grant the State's petition for a writ of certiorari and respondent's motion for leave to proceed *in forma pauperis,* and reverse.

## II

A federal court may grant habeas relief to a state prisoner if a state court's adjudication of his constitutional claim was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U. S. C. § 2254(d)(1). "Where, as here, the state court's application of governing federal law is challenged, it must be shown to be not only erroneous, but objectively unreasonable." *Yarborough* v. *Gentry,* 540 U. S. 1, 5 (2003) *(per curiam);* see *Williams* v. *Taylor,* 529 U. S. 362, 409 (2000).

In a criminal trial, the State must prove every element of the offense, and a jury instruction violates due process if it fails to give effect to that requirement. See *Sandstrom* v. *Montana*, 442 U. S. 510, 520–521 (1979). Nonetheless, not every ambiguity, inconsistency, or deficiency in a jury instruction rises to the level of a due process violation. The question is " 'whether the ailing instruction . . . so infected the entire trial that the resulting conviction violates due process.' " *Estelle* v. *McGuire*, 502 U. S. 62, 72 (1991) (quoting *Cupp* v. *Naughten*, 414 U. S. 141, 147 (1973)). " '[A] single instruction to a jury may not be judged in artificial isolation, but must be viewed in the context of the overall charge.' " *Boyde* v. *California*, 494 U. S. 370, 378 (1990) (quoting *Cupp, supra,* at 146–147). If the charge as a whole is ambiguous, the question is whether there is a " 'reasonable likelihood that the jury has applied the challenged instruction in a way' that violates the Constitution." *Estelle, supra,* at 72 (quoting *Boyde, supra,* at 380).

The Ninth Circuit held that the erroneous imminent-peril instruction "eliminated" respondent's imperfect self-defense claim, and that the state court unreasonably applied federal law by "completely ignor[ing] unchallenged and uncorrected instructions to the jury." 344 F. 3d, at 999. It acknowledged that it was bound to consider the jury charge as a whole, but held that the other instructions were irrelevant because "[t]he only time that the trial judge actually defined imminent peril for the jury was in the erroneous instruction on imperfect self-defense." *Id.,* at 997.

This conclusion failed to give appropriate deference to the state court's decision. Contrary to the Ninth Circuit's description, the state court did not "ignor[e]" the faulty instruction. It merely held that the instruction was not reasonably likely to have misled the jury given the multiple other instances (at least three, see *supra,* at 434–435) where the charge correctly stated that respondent's belief could be

unreasonable. App. to Pet. for Cert. 34. Given three correct instructions and one contrary one, the state court did not unreasonably apply federal law when it found that there was no reasonable likelihood the jury was misled.

The Ninth Circuit thought that the other references to unreasonableness were irrelevant because they were not part of the definition of "imminent peril." That alone does not make them irrelevant; whether one defines imminent peril in terms of an unreasonable belief or instead describes imperfect self-defense as allowing an unreasonable belief in imminent peril, the import of the instruction is the same. Perhaps the Ninth Circuit reasoned that the erroneous definition of "imminent peril" caused the jury to believe that the earlier, correct instructions ("actual but unreasonable belief in the necessity to defend against imminent peril") meant that, although the belief in the necessity to defend may be unreasonable, the belief in the *existence* of the "imminent peril" may not. This interpretation would require such a rare combination of extremely refined lawyerly parsing of an instruction, and extremely gullible acceptance of a result that makes no conceivable sense, that the state court's implicit rejection of the possibility was surely not an *unreasonable* application of federal law.

The Ninth Circuit also faulted the state court for relying on the prosecutor's argument, noting that instructions from a judge are presumed to have more influence than arguments of counsel. 344 F. 3d, at 999 (citing *Boyde, supra,* at 384). But this is not a case where the jury charge clearly says one thing and the prosecutor says the opposite; the instructions were at worst ambiguous because they were internally inconsistent. Nothing in *Boyde* precludes a state court from assuming that counsel's arguments clarified an ambiguous jury charge. This assumption is particularly apt when it is the *prosecutor's* argument that resolves an ambiguity in favor of the *defendant.*

The judgment of the Ninth Circuit is reversed, and the case is remanded for further proceedings consistent with this opinion.

*It is so ordered.*