**Steven Ernest BROWN, Petitioner—Appellant,**

v.

**Mike YARBOROUGH, Warden; Attorney General of the State of California, Respondents—Appellees.**

**No. 05–55314.**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted May 8, 2006.

Filed May 17, 2006.

Steven Ernest Brown, Ione, CA, pro se.

John Yang, Esq., Office of the California Attorney General, Los Angeles, CA, for Respondents–Appellees.

Before: HAWKINS, GRABER, and PAEZ, Circuit Judges.

MEMORANDUM *

Steven Ernest Brown ("Brown") appeals the district court's denial of his habeas petition. A California jury convicted Brown of committing lewd acts upon a child under the age of fourteen. Brown argues that the jury instructions used at

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Cir. R. 36–3.

his trial unconstitutionally lowered the prosecution's burden of proof.[1]

■ Due process "requires the prosecution to prove every element charged in a criminal offense beyond a reasonable doubt." *Gibson v. Ortiz*, 387 F.3d 812, 820 (9th Cir.2004) (citing *In re Winship*, 397 U.S. 358, 364, 90 S.Ct. 1068, 25 L.Ed.2d 368 (1970)). If the jury is not properly instructed concerning the presumption of innocence until proven guilty beyond a reasonable doubt, a due process denial results. *See Middleton v. McNeil*, 541 U.S. 433, 437, 124 S.Ct. 1830, 158 L.Ed.2d 701 (2004) (per curiam). "Any jury instruction that 'reduce[s] the level of proof necessary for the Government to carry its burden ... is plainly inconsistent with the constitutionally rooted presumption of innocence.'" *Gibson*, 387 F.3d at 820 (alterations in original) (quoting *Cool v. United States*, 409 U.S. 100, 104, 93 S.Ct. 354, 34 L.Ed.2d 335 (1972) (per curiam)).

In *Gibson*, we found unconstitutional instructions that allowed a jury to (1) find that a defendant had committed prior sexual offenses by a preponderance of the evidence, (2) infer from those past offenses a predilection for committing sexual offenses, and (3) further infer guilt of the charged offense based on those predilections. *Id.* at 822–23. Even though the jury in *Gibson* was also given the standard "beyond a reasonable doubt" instruction, we found that this did not prevent the possibility of the jury finding the defendant guilty only on the basis of past offenses that had been established by a preponderance of the evidence. *Id.*

■ The main difference between this case and *Gibson* is that the jury was also

given the following instruction: "You may not find the defendant is guilty of the charged offense solely on the basis of the other uncharged acts."

While the instructions given Brown's jury are certainly not as clear as the instructions currently used by California courts, *see* California Jury Instruction, Criminal No. 2.50.01 (as amended in 1999), the jurors here were explicitly told they could not find Brown guilty solely based on his prior offenses. And, even if the state court of appeal in this case may have erred in finding these instructions constitutional, we cannot conclude that its decision was contrary to clearly established Supreme Court precedent or objectively unreasonable. *See* 28 U.S.C. § 2254(d); *Lockyer v. Andrade*, 538 U.S. 63, 74–75, 123 S.Ct. 1166, 155 L.Ed.2d 144 (2003).

**AFFIRMED.**

■

---

1. Brown further argues, citing *Leary v. United States*, 395 U.S. 6, 89 S.Ct. 1532, 23 L.Ed.2d 57 (1969), that the jury was instructed such that it could make an irrational inference.

Because Brown failed to raise this argument in district court, he has waived it. *See Taniguchi v. Schultz*, 303 F.3d 950, 958–59 (9th Cir.2002).