Malcolm P. COLEMAN, Petitioner–
Appellant,

v.

Diane BUTLER, Warden; Attorney
General for the State of Califor-
nia, Respondents–Appellees.

No. 05–17122.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Nov. 6, 2007.

Filed Nov. 15, 2007.

Malcolm P. Coleman, Soledad, CA, pro
se.

Daniel J. Broderick, Esq., Federal Pub-
lic Defender's Office, Sacramento, CA, for
Petitioner–Appellant.

Susan Rankin Bunting, Mary J. Graves,
AGCA—Office of the California Attorney
General, Sacramento, CA, for Respon-
dents–Appellees.

Before: FERNANDEZ and
McKEOWN, Circuit Judges, and
TRAGER,* District Judge.

## MEMORANDUM**

Malcolm P. Coleman appeals the district
court's denial of his petition for habeas
corpus relief. *See* 28 U.S.C. § 2254. We
affirm.

Coleman asserts that in instructing the
jury, the state trial court erred. He,
therefore, claims that he was denied due
process of law because he might have been
found guilty by a preponderance of the
evidence rather than beyond a reasonable
doubt. *See Gibson v. Ortiz,* 387 F.3d 812,
820 (9th Cir.2004). We disagree.

The instructions may not have been per-
fect, but imperfect is not the equivalent of
unconstitutional. We must, of course, con-
sider the instructions as a whole[1] and
determine whether the state court deter-
mination that there was no reasonable
likelihood[2] that the jury's verdict was sub-
stantially and injuriously affected or influ-
enced[3] by the imperfect instructions was
objectively unreasonable.[4]

On this record, it was not.[5]

AFFIRMED.

---

* The Honorable David G. Trager, Senior Unit-
ed States District Judge for the Eastern Dis-
trict of New York, sitting by designation.

** This disposition is not appropriate for publi-
cation and is not precedent except as provid-
ed by 9th Cir. R. 36–3.

1. *Middleton v. McNeil,* 541 U.S. 433, 437, 124
S.Ct. 1830, 1832, 158 L.Ed.2d 701 (2004) (per
curiam); *see also United States v. Munoz,* 233
F.3d 1117, 1130 (9th Cir.2000).

2. *See Boyde v. California,* 494 U.S. 370, 380,
110 S.Ct. 1190, 1198, 108 L.Ed.2d 316
(1990); *see also Lankford v. Arave,* 468 F.3d
578, 585 (9th Cir.2006), *cert denied,* —— U.S.
——, 128 S.Ct. 206, 169 L.Ed.2d 246 (2007);

*Allen v. Woodford,* 395 F.3d 979, 996 (9th
Cir.2005).

3. *See Brecht v. Abrahamson,* 507 U.S. 619,
637, 113 S.Ct. 1710, 1722, 123 L.Ed.2d 353
(1993); *see also Calderon v. Coleman,* 525
U.S. 141, 145–46, 119 S.Ct. 500, 502–03, 142
L.Ed.2d 521 (1998) (per curiam).

4. *See Middleton,* 541 U.S. at 436, 124 S.Ct. at
1832.

5. We note that this case is quite unlike *Gib-
son,* 387 F.3d at 822–24. Here the jury was
never told (explicitly or otherwise) that it
could find Coleman guilty on any standard
less than beyond a reasonable doubt.