**Gary Gene ANGEL, Petitioner–Appellant,**

**v.**

**E. ROE, Warden, Respondent–Appellee.**

**No. 06–15414.**

United States Court of Appeals, Ninth Circuit.

Submitted Nov. 6, 2007.*

Filed Nov. 15, 2007.

Law Offices of John P. Balazs, Sacramento, CA, for Petitioner–Appellant.

---

\* The panel unanimously finds this case suitable for decision without oral argument. Fed. R.App. P. 34(a)(2).

\*\* The Honorable David G. Trager, Senior United States District Judge for the Eastern District of New York, sitting by designation.

\*\*\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

1. Counsel was not made aware of the fact that the written plea offer was available until after it had expired.

Brian George Smiley, AGCA—Office of the California Attorney General, Sacramento, CA, for Respondent–Appellee.

Before: FERNANDEZ and McKEOWN, Circuit Judges, and TRAGER,\*\* District Judge.

### MEMORANDUM\*\*\*

Gary Gene Angel appeals the district court's denial of his petition for habeas corpus relief. *See* 28 U.S.C. § 2254. We affirm.

Angel seeks habeas corpus relief on the basis that counsel was ineffective because of a failure to properly pursue plea negotiations. Principally, he alleges that counsel improperly failed to pick up a written plea offer from the prosecutor's office in time to bring it to Angel's attention so that he could consider accepting it.[1]

To obtain relief on the basis of ineffective assistance of counsel, Angel must show both that counsel's representation was deficient,[2] and that there was a "reasonable probability" that in the absence of counsel's alleged error the result of the proceeding would have been different.[3] The state courts determined that counsel was not ineffective.[4] In order to overturn

---

2. *See Strickland v. Washington,* 466 U.S. 668, 687, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674 (1984). To be deficient, counsel's performance must have fallen "below an objective standard of reasonableness." *Id.* at 688, 104 S.Ct. at 2064.

3. *Id.* at 694, 104 S.Ct. at 2068.

4. The *Strickland* test applies to claims arising out of the plea process. *See Hill v. Lockhart,* 474 U.S. 52, 57–59, 106 S.Ct. 366, 369–70, 88 L.Ed.2d 203 (1985); *Turner v. Calderon,* 281 F.3d 851, 879 (9th Cir.2002).

the state court decisions, we would, at the very least, have to decide that counsel was ineffective. More than that, we would have to determine that the state courts either unreasonably determined the facts,[5] or that they made decisions that were contrary to or an unreasonable application of federal law.[6] And more than that, a determination that the state courts erred would not be enough; we would have to determine that their application of the law was "not only erroneous, but objectively unreasonable." *Yarborough v. Gentry,* 540 U.S. 1, 5, 124 S.Ct. 1, 4, 157 L.Ed.2d 1 (2003) (per curiam); *see also Middleton v. McNeil,* 541 U.S. 433, 436, 124 S.Ct. 1830, 1832, 158 L.Ed.2d 701 (2004) (per curiam); *Nunes,* 350 F.3d at 1051.

On this record, we cannot say that the state courts unreasonably determined that counsel's performance was not deficient. That being so, we need go no further and must affirm.

AFFIRMED.

5. *See* 28 U.S.C. § 2254(d)(2); *see also Williams v. Taylor,* 529 U.S. 362, 386, 120 S.Ct. 1495, 1509, 146 L.Ed.2d 389 (2000).

6. *See* 28 U.S.C. § 2254(d)(1); *see also Lockyer v. Andrade,* 538 U.S. 63, 73, 75, 123 S.Ct. 1166, 1173, 1174, 155 L.Ed.2d 144 (2003);

*Nunes v. Mueller,* 350 F.3d 1045, 1051 (9th Cir.2003).