**Arath BLANCO, Petitioner–Appellant,**

**v.**

**Matthew CATE, Secretary of the California Department of Corrections and Rehabilitation,* Respondent–Appellee.**

**No. 06–56756.**

United States Court of Appeals, Ninth Circuit.

Submitted July 15, 2008.**

Filed July 17, 2008.

Arath Blanco, Delano, CA, pro se.

Attorney General, Office of the California Attorney General, San Diego, CA, for Respondent–Appellee.

---

* Matthew Cate, Secretary of the California Department of Corrections and Rehabilitation, is substituted for his predecessor. Fed. R.App. P. 43(c)(2).

** The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Before: SILVERMAN, RAWLINSON, and M. SMITH, Circuit Judges.

### MEMORANDUM ***

Appellant Arath Blanco challenges the district court's dismissal of his petition for writ of habeas corpus, arguing that his constitutional rights were violated by (1) the trial court's defective jury instruction as to the robbery-murder special circumstance and (2) trial counsel's failure to object to the defective instruction.

Section 190.2(a)(17)(A) of the California Penal Code provides that "[t]he Penalty for a defendant who is found guilty of murder in the first degree is death or imprisonment in the state prison for life without the possibility of parole if ... [t]he murder was committed while the defendant was engaged in, or was an accomplice in, the commission of, attempted commission of, or the immediate flight after committing, or attempting to commit ... [r]obbery ..." The jury instruction substituted "a defendant" for "the defendant." Considering the allegedly deficient instruction in the context of all the other instructions and the trial court record—as it must, *see Boyde v. California,* 494 U.S. 370, 378, 110 S.Ct. 1190, 108 L.Ed.2d 316 (1990)—the state court justifiably concluded that the jurors "necessarily [found] that [Blanco] was engaged in robbery at the time that Juan was killed." Thus, there was not a reasonable likelihood that the jury applied the instruction in a manner that violated the Constitution. *See Middleton v. McNeil,* 541 U.S. 433, 437, 124 S.Ct. 1830, 158 L.Ed.2d 701 (2004). Therefore, the state court's decision was not contrary to or an unreasonable application of federal law as determined by the Supreme Court. *See* 28 U.S.C. § 2254(d).

We decline to address the uncertified issues in this case because Blanco has failed to "make a substantial showing of the denial of a constitutional right." *Doe v. Woodford,* 508 F.3d 563, 567 (9th Cir. 2007) (citation and internal quotation marks omitted).

**AFFIRMED.**

---

*** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

