ORDER
The memorandum disposition filed July 22, 2010, is replaced by the amended memorandum disposition and dissent filed concurrently with this order.
With these amendments, Judges Graber and Wardlaw have voted to deny the petition for rehearing and petition for rehearing en banc, and Judge Pregerson has voted to grant the petitions.
The full court has been advised of the petition for rehearing en banc, and no judge of the court has requested a vote on it.
The petition for rehearing and petition for rehearing en banc are DENIED. No further petitions for rehearing or petitions for rehearing en banc will be entertained.
AMENDED MEMORANDUM *
Petitioner Tiequon Aundray Cox, a California state prisoner, appeals the district court’s denial of his habeas corpus petition, filed under 28 U.S.C. § 2254, challenging his conviction and death sentence for the *83 murders of four victims.[1] Because Petitioner filed his original habeas petition in the district court before the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 (“AEDPA”), the provisions of AEDPA do not apply. Alcala v. Woodford, 334 F.3d 862, 868 (9th Cir.2003). We review de novo the district court’s denial of this petition for writ of habeas corpus, McNeil v. Middleton, 344 F.3d 988, 994 (9th Cir.2003), rev’d on other grounds, 541 U.S. 433, 124 S.Ct. 1830, 158 L.Ed.2d 701 (2004) (per curiam), and we affirm.
1. Assuming, without deciding, that Petitioner’s counsel provided ineffective assistance of counsel during the trial’s guilt phase, we hold that Petitioner did not suffer prejudice. See Strickland v. Washington, 466 U.S. 668, 694, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984) (holding that, to establish prejudice, “[t]he defendant must show that there is a reasonable probability that, but for counsel’s unprofessional errors, the result of the proceeding would have been different,” and defining “reasonable probability” to mean “a probability sufficient to undermine confidence in the outcome”).
Petitioner argues that his counsel provided constitutionally deficient assistance by failing to investigate and present evidence that Petitioner did not shoot the victims and that he did not intend the victims’ deaths. The Petitioner contends that if counsel had presented that evidence, the jury might have convicted Petitioner as an aider and abettor of the murders, but not as the actual murderer. If the jury had determined that Petitioner did not commit the murders, it might have found that he did not intend for anyone to die. If the jury had found that Petitioner did not have the specific intent to kill, the multiple-murder special circumstance would not have applied. And, if the multiple-murder special circumstance had not applied, the jury could not have imposed the death penalty.
For us to conclude that Petitioner suffered prejudice, we would have to conclude that at least one reasonable juror could have found (1) that Petitioner aided and abetted, but did not commit, the murders; and (2) that Petitioner did not intend to kill anyone. This we cannot do because the overwhelming weight of the evidence proved otherwise. Four witnesses testified that Petitioner either entered or exited the crime scene carrying the murder weapon. Petitioner’s palm print was found on a trunk in the bedroom where three of the victims were killed. Ballistics testing established that the empty shell casings and spent bullets from the vicinity of each victim came from the same semiautomatic .30-caliber carbine that Petitioner gave a witness to destroy. We hold that no reasonable juror, faced with such overwhelming evidence, could have concluded either that Petitioner did not shoot anyone or that he did not intend for anyone to die.
Because overwhelming evidence established that Petitioner intentionally committed the murders, he cannot show that his counsel’s failure simply to argue otherwise creates a reasonable probability that, but for that error, the result of his trial would have been different. Strickland, 466 U.S. at 687, 104 S.Ct. 2052. Because the evidence conclusively demonstrates that Petitioner’s ineffective assistance claim could not succeed, he is not entitled to an eviden-tiary hearing on the matter. See, e.g., *84 United States v. Howard, 381 F.3d 873, 877 (9th Cir.2004) (“To demonstrate that the district court erred in not granting an evidentiary hearing ... the petition, files and record of the case cannot conclusively show that he is entitled to no relief.”).
2. Generally, “a defendant is guaranteed the right to be present at any stage of the criminal proceeding that is critical to its outcome if his presence would contribute to the fairness of the procedure” or if the defendant’s presence “has a relation, reasonably substantial, to the fulness of his opportunity to defend against the charge.” Kentucky v. Stincer, 482 U.S. 730, 745, 754, 107 S.Ct. 2658, 96 L.Ed.2d 631 (1987) (internal quotation marks omitted). But, due process does not require the defendant to be present “when presence would be useless, or the benefit but a shadow.” Snyder v. Massachusetts, 291 U.S. 97, 106-07, 54 S.Ct. 330, 78 L.Ed. 674 (1934), overnded in part on other grounds by Malloy v. Hogan, 378 U.S. 1, 84 S.Ct. 1489, 12 L.Ed.2d 653 (1964); United States v. Veatch, 674 F.2d 1217, 1225 (9th Cir.1981).
The trial court did not violate Petitioner’s right to be present when it excluded him from a side-bar conference about counsel’s decision not to present a closing argument during the guilt phase. This particular bench conference was not a “critical” stage in the trial. See Hovey v. Ayers, 458 F.3d 892 (9th Cir.2006) (holding that a hearing on defense counsel’s competency was not a “critical” stage of trial). Further, the record shows that Petitioner was present in court during discussions about his right to present a defense, that he was aware of his counsel’s decisions and actions and had the opportunity to object in court, and that he never objected to his counsel’s decisions, actions, or assertion on the record that there was no conflict between counsel and Petitioner about their defense stz’ategy. Under these circumstances, Petitioner had no right to be present at the side-bar conference for the purpose of objecting to counsel’s stz*ategic decision. See Florida v. Nixon, 543 U.S. 175, 192, 125 S.Ct. 551, 160 L.Ed.2d 565 (2004) (holding that defendant need not explicitly consent to counsel’s strategic decision to concede guilt and focus on penalty phase).
As for Petitioner’s claim that the trial court violated his right to be present by holding its heazing on the use of physical restraints in Petitionez'’s absence, any such error was hannless. A violation of a cz’iminal defendant’s zdght to be pz'esent is subject to haz'mless-ez’ror analysis. See United States v. Marks, 530 F.3d 799 (9th Cir.2008); Rice v. Wood, 77 F.3d 1138 (9th Cir.1996). An ez’ror will be deemed haz-mless unless it has a “substantial and injui-ious effect or influence in determining the jury’s verdict.” Rice, 77 F.3d at 1144 (internal quotation marks omitted). We have pz'eviously determined that Petitioner’s appearance in shackles caused him no prejudice due to the overwhelming weight of the evidence against him. Cox v. Ayers, 613 F.3d 883, 891 (9th Cir.2010) (holding that “the evidence against Petitioner was so ovez'whelming that the maz’ginal bias cz'eated by the shackles had no pz-ejudicial effect” on the guilty verdict or the sentence (internal quotation marks omitted)). Even if the trial court violated Petitionez"’s due process right when deciding to shackle Petitioner, any such error in the proceduz'e leading to shackling was, similaz’ly, hannless beyond a reasonable doubt.
3. Petitioner was not prejudiced by instances of jury misconduct. Petitioner argues that his constitutional rights were violated as a result of the following instances of juzy misconduct: (1) some jurors knew that co-defendant Horace Buzms was convicted and í'eceived a life sentence; *85 (2) even though it was not admitted at trial, some jurors knew about and discussed Burns’s letter to Petitioner, in which Burns asked Petitioner to take the fall for everyone else and offered to make sure that no witnesses would testify against him; and (3) the spectators’ outbursts and comments were perceived by jurors.
On habeas review of a claim that jurors were exposed to extrajudicial evidence before rendering a verdict, the petitioner bears the burden of establishing the extrinsic material “had a substantial and injurious effect” on the jury’s verdict. Fields v. Brown, 503 F.3d 755, 776 (9th Cir.2007) (en banc). We have identified the following factors that are particularly relevant to the inquiry:
“(1) whether the material was actually received, and if so, how; (2) the length of time it was available to the jury; (3) the extent to which the juror discussed and considered it; (4) whether the material was introduced before a verdict was reached, and if so at what point in the deliberations; and (5) any other matters which may bear on the issue of the reasonable possibility of whether the extrinsic material affected the verdict.”
Sassounian v. Roe, 230 F.3d 1097, 1109 (9th Cir.2000) (quoting Dickson v. Sullivan, 849 F.2d 403, 406 (9th Cir.1988)). We have also identified several factors diminishing the potential prejudice of extrinsic evidence:
“(1) whether the prejudicial statement was ambiguously phrased; (2) whether the extraneous information was otherwise admissible or merely cumulative of other evidence adduced at trial; (3) whether a curative instruction was given or some other step taken to ameliorate the prejudice; (4) the tidal context; and (5) whether the statement was insufficiently prejudicial given the issues and evidence in the case.”
Id. (quoting Jeffries v. Wood, 114 F.3d 1484, 1491-92 (9th Cir.1997)).
Petitioner was not prejudiced by some jurors’ knowledge of Burns’ conviction and life sentence. Only one juror declared that there was a discussion about Burns’ life sentence during their deliberations; none of the other juror declarations, which were similarly drafted by habeas counsel, contained such a statement. Further, in light of the overwhelming evidence against Petitioner and the despicable nature of the crimes, as well as the trial court’s instructions requiring the jury to rest its findings only on the evidence presented at trial, the district court properly held that Petitioner was not prejudiced by the alleged jury misconduct.
Petitioner also was not prejudiced by the jury’s knowledge of a letter written by Burns to Petitioner that was not admitted at trial. Petitioner failed to establish that the letter was discussed during jury deliberations or that the jurors were exposed to information about the letter during Petitioner’s trial. Only three jurors mentioned the letter in them declarations, and none of them knew the actual content of the letter. None of the jurors stated with certainty that the letter was discussed during deliberations. Under these circumstances, Petitioner cannot show prejudice.
Lastly, Petitioner was not prejudiced by improper spectator conduct in the presence of the jury. Prejudice will be limited if a “curative instruction was given or some other step taken to ameliorate the prejudice.” Sassounian, 230 F.3d at 1109 (internal quotation marks omitted); see also Brown v. Ornoski, 503 F.3d 1006, 1018 (9th Cir.2007) (“The trial court properly instructed the jury to disregard any extraneous comments and to decide the *86 case based only on the evidence at trial; juries are presumed to follow the court’s instructions.”). Here, the trial court instructed the jury not to discuss the case among themselves or with anyone else, and not to allow anyone to address them about the case. The trial court, in the jury’s presence, admonished the spectators “to watch their conversations and behavior in the hallways when you see any juror whether in this case or any other case, approach you, so that we don’t have a problem.” When a spectator made an inappropriate outburst in the courtroom, the court immediately told the jury to “disregard the outburst of the spectator and ... not to consider it for any purpose whatsoever.” Further, the evidence supporting Petitioner’s convictions and death sentence was overwhelming. In light of these circumstances, Petitioner was not prejudiced by the spectator’s conduct.
AFFIRMED.

 This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

. We issued a certificate of appealability with regard to three issues previously uncertified by the district court. This memorandum disposition concerns those three issues only; we have addressed Petitioner's other issues in an amended opinion. Cox v. Ayers, 613 F.3d 883 (9th Cir.2010).