# FILED

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| BERNARD LEROY MACCARLIE, | No. 11-16126 |
| Petitioner - Appellant, | D.C. No. 2:00-cv-01830-LKK-CHS |
| v. | |
| MARION SPEARMAN, Warden | MEMORANDUM[*] |
| Respondent - Appellee. | |

Appeal from the United States District Court
for the Eastern District of California
Lawrence K. Karlton, Senior District Judge, Presiding

Argued & Submitted October 7, 2013
San Francisco, California

Before:    N.R. SMITH and NGUYEN, Circuit Judges, and QUIST, Senior
District Judge.[**]

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**] The Honorable Gordon J. Quist, Senior United States District Judge for the
Western Michigan, sitting by designation.

Petitioner Bernard Lee MacCarlie appeals the district court's denial of his petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Reviewing the denial of MacCarlie's petition de novo, *Jones v. Ryan*, 691 F.3d 1093, 1100 (9th Cir. 2012), we affirm.[1]

The sole issue before this court is whether the inclusion of an implied malice jury instruction on the charge of conspiracy to commit murder was prejudicial under *Brecht v. Abrahamson*, 507 U.S. 619 (1993). After reviewing the record as a whole, we agree with the district court that the instructional error did not have a "substantial and injurious effect or influence in determining the jury's verdict." *Id.* at 638; *see also Ayala v. Wong*, No. 09-99005, 2013 WL 4865145, at *13 (9th Cir. Sept. 13, 2013). Read as a whole, the instructions—in particular the conspiracy instruction—informed the jury that they were required to find premeditated intent, or express malice, to convict on the conspiracy charge. Nothing in the record suggests that the jury was confused or misled by the implied malice instruction. Moreover, the evidence of a conspiracy to murder, including the manner in which the victim was killed, was overwhelming.

Finally, the arguments of both the prosecutor and MacCarlie's counsel focused exclusively on express malice murder, which clarified any ambiguity caused by the

---

[1] We grant MacCarlie's motion for judicial notice of his co-defendant's opening brief on appeal.

errant instruction.  *See Middleton v. McNeil*, 541 U.S. 433, 438 (2004) (argument of counsel, particularly that of the prosecutor, may resolve an ambiguous jury charge).

The judgment of the district court is **AFFIRMED.**