**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

BRIAN K. RANDELL,

              Petitioner - Appellant,

   v.

MARION SPEARMAN, Warden,[**]

              Respondent - Appellee.

No. 13-15311

D.C. No. 4:06-cv-06400-PJH

MEMORANDUM[*]

Appeal from the United States District Court
for the Northern District of California
Phyllis J. Hamilton, District Judge, Presiding

Argued and Submitted October 6, 2014
San Francisco, California

Before: WARDLAW, W. FLETCHER, and WATFORD, Circuit Judges.

Brian K. Randell contends that the jury instructions given by the trial court

violated his right to due process because they precluded the jury from considering

whether he acted in self-defense. Randell identifies two instructions, in particular,

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The clerk shall substitute Marion Spearman for Thomas L. Carey. Fed. R. App. P. 43(c)(2).

that allegedly had that effect: (1) the instruction stating that a defendant may claim self-defense if he actually and reasonably believed that "the individual killed intended to commit a forcible and atrocious crime" against him, and (2) the instruction stating that a defendant may claim self-defense when "there is imminent danger that the other person" will cause him great bodily injury. We agree that the trial court erred in giving these instructions on the facts of this case.

To prevail, however, Randell must show that the erroneous instructions "so infected the entire trial that the resulting conviction violates due process." *Estelle v. McGuire*, 502 U.S. 62, 72 (1991) (internal quotation marks omitted). The California Court of Appeal held that no such infection occurred. We cannot say that the court's ruling was objectively unreasonable. *See* 28 U.S.C. § 2254(d); *Middleton v. McNeil*, 541 U.S. 433, 436 (2004) (per curiam).

The Court of Appeal concluded that, despite the two erroneous instructions, the instructions as a whole adequately apprised the jury of Randell's theory of self-defense. As the court noted, the instructions clearly stated that homicide may be lawful or unlawful; that homicide is unlawful when it occurs as a result of an unlawful act; and that an accidental killing or killing in self-defense can be lawful. The instructions also explained that if a defendant attempts to kill one person and kills someone else instead, the crime the defendant commits, "if any," is the same

as that committed had he killed the person originally intended. Finally, the trial court informed the jurors that they were to read the instructions as a whole and that the order of the instructions lacked significance. The Court of Appeal reasonably concluded that, reading these instructions as a whole, the jury would not have believed it was legally precluded from considering self-defense merely because Judith Schlem was killed rather than Angel Maldonado.

The reasonableness of the Court of Appeal's conclusion is bolstered by the fact that the attorneys for both sides argued the case as though self-defense was potentially available. Randell's attorney's primary theory of the case was self-defense, and he argued that theory extensively to the jury. Although the prosecutor argued that self-defense was not a viable defense if the jury found Randell guilty of felony murder, the prosecutor never suggested that self-defense was unavailable simply because Randell killed an innocent bystander rather than his alleged attacker. Randell's due process concern—that the jury would have believed the identity of Randell's victim precluded self-defense—was simply never at issue during the trial.

On this record, a fair-minded jurist could conclude that the jury instructions did not so infect the trial that Randell's conviction violates due process. *See Harrington v. Richter*, 131 S. Ct. 770, 786 (2011); *Estelle*, 502 U.S. at 72.

Accordingly, the district court properly denied Randell's petition for a writ of

habeas corpus.

**AFFIRMED.**