**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

NOV 13 2014

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JOHN LAM,<br><br>        Petitioner - Appellant,<br><br>v.<br><br>KATHLEEN DICKINSON,<br><br>        Respondent - Appellee. | No. 12-16128<br><br>D.C. No. 2:10-cv-00829-EFB<br><br><br>MEMORANDUM[*] |
| JIMMY CHI COOC,<br><br>        Petitioner - Appellant,<br><br>v.<br><br>ANTHONY HEDGPETH, Warden,<br><br>        Respondent-Appellee. | No. 12-16503<br><br>D.C. No. 2:10-cv-00882-GEB-EFB |
| JOHN VAI DICH,<br><br>        Petitioner - Appellant,<br><br>v. | No. 12-16815<br><br>D .C. No. 2:10-cv-00172-GEB-EFB |

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

FRANCISCO JACQUEZ, Warden,

Respondent - Appellee.

Appeal from the United States District Court
for the Eastern District of California
Edmund F. Brennan, Magistrate Judge, Presiding

Argued and Submitted September 9, 2014
San Francisco, California

Before: WALLACE, SCHROEDER, and OWENS, Circuit Judges.

California state prisoners John Lam, Jimmy Cooc and John Dich appeal from the district court's denial of their petitions for habeas corpus challenging California first-degree murder convictions. They contend they were denied due process when the state trial court, in properly instructing the jury on the elements of first-degree murder and lesser included offenses, mistakenly gave the jury an additional partial instruction on felony murder.

The felony murder instruction should not have been given. The instruction appeared to permit a conviction for murder without a finding of malice and was in violation of the California Supreme Court's decision in *People v. Ireland*, 450 P.2d 580, 589–90 (Cal. 1969). Federal law requires the State to prove every element of the offense with which the defendants were charged. *See Middleton v. McNeil*, 541 U.S. 433, 437 (2004).

2

The California Court of Appeal, however, reviewed all of the instructions the jury received. The court concluded that there was no reasonable likelihood that the jury, in reliance on the felony murder instruction, would have failed to make the requisite finding as to malice. We may not grant habeas relief unless the state court's decision is an unreasonable application of the facts to the law or contrary to clearly established Supreme Court precedent. *See* 28 U.S.C. § 2254(d). The California state court's conclusion was neither.

The errant felony murder instruction was not a complete instruction and lacked any explanation of the elements that the jury would have been required to find. The relevant jury instructions on murder, in contrast, explained the requisite findings for each degree of murder, including at least eight references to the malice requirement. Felony murder was neither charged nor argued to the jury. The district court appropriately described the felony murder instruction as "nothing but an orphaned charge that found no support in the other instructions with which the jury had to grapple."

We need not separately address the government's contention that petitioner Cooc's claim is procedurally defaulted. We also need not address the uncertified issues raised by petitioner Dich, which do not raise viable federal claims.

**AFFIRMED**.

3