**NOT FOR PUBLICATION**



UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

|  |  |
| --- | --- |
| THOMAS ARTHUR APPLEGATE, | No. 12-17401 |
| Petitioner - Appellant, | D.C. No. 5:10-cv-04774-EJD |
| v. | |
| KATHLEEN DICKENSON, | MEMORANDUM* |
| Respondent - Appellee. | |

Appeal from the United States District Court
for the Northern District of California
Edward J. Davila, District Judge, Presiding

Submitted December 10, 2014**
San Francisco, California

Before: O'SCANNLAIN, N.R. SMITH, and HURWITZ, Circuit Judges.

Thomas Arthur Applegate appeals the district court's September 24, 2012

denial of his petition for habeas corpus. We affirm.

---

\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), federal courts must refuse to grant habeas relief unless the last reasoned state court decision was (1) "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d). Neither party has claimed that the last reasoned state court decision in this case, the decision of the California Court of Appeal, was "based on an unreasonable determination of the facts." 28 U.S.C. § 2254(d)(2). Therefore, the only question before us is whether the California Court of Appeal's decision was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1).

The Supreme Court has established that incorrect or vague jury instructions are grounds for habeas relief only if the error "so infected the entire trial that the resulting conviction violates due process." *Estelle v. McGuire*, 502 U.S. 62, 72 (1991) (internal quotation marks omitted). Due process is violated when there is a "reasonable likelihood that the jury has applied the challenged instruction in a way that violates the Constitution." *Id.* (internal quotation marks omitted). "[N]ot

every ambiguity, inconsistency, or deficiency in a jury instruction rises to the level of a due process violation." *Middleton v. McNeil*, 541 U.S. 433, 437 (2004). Rather, the challenged instruction must be evaluated in context. *Estelle*, 502 U.S. at 72. The Supreme Court explained:

> Analysis must focus initially on the specific language challenged, but the inquiry does not end there. If a specific portion of the jury charge, considered in isolation, could reasonably have been understood as creating a presumption that relieves the State of its burden of persuasion on an element of an offense, the potentially offending words must be considered in the context of the charge as a whole. *Other instructions might explain the particular infirm language to the extent that a reasonable juror could not have considered the charge to have created an unconstitutional presumption.*

*Francis v. Franklin*, 471 U.S. 307, 315 (1985) (emphasis added).

The Court of Appeal's application of Supreme Court precedent was not unreasonable. The court looked not only at the challenged instruction, but also at the instructions as a whole. The court then, as mandated by *Estelle,* examined whether there was a reasonable likelihood that the jury had applied the challenged instruction in a way that violates the Constitution. Considering whether "[o]ther instructions might explain the particular infirm language to the extent that a reasonable juror could not have considered the charge to have created an unconstitutional presumption," *see Francis*, 471 U.S. at 315, the court concluded:

3

> [although] the portion of CALCRIM No. 3450 . . . "could
> be misleading" in isolation, the parties do not dispute that
> the remaining instructions accurately stated the law on
> insanity.  The instructions made clear that "[r]egardless
> of its duration, legal insanity which existed at the time of
> the commission of the crime is a defense to the crime."
> [CALJIC No. 4.03.]  Considering the charge to the jury
> in its entirety, we conclude that no reasonable juror
> would have misconstrued the instructions.

*People v. Applegate*, No. A118980, 2009 WL 1611724, at \*7 (Cal. Ct. App. June 10, 2009) (first alteration in original) (citation omitted).  Because a reasonable jurist could conclude that the jury instructions as a whole did not create an unconstitutional presumption of sanity, the Court of Appeal's decision was not unreasonable.  Thus, habeas relief is inappropriate.

**AFFIRMED**.