Welch, Judge, concurring.
While I concur in the result reached by the majority, I respectfully disagree with the reasoning touching on the jury instruction issue.
In Middleton v. McNeil, 541 U.S. 433, 437, 124 S.Ct. 1830, 158 L.Ed. 2d 701 (2004), the U.S. Supreme Court held:
In a criminal trial, the State must prove every element of the offense, and a jury instruction violates due process if it fails to give effect to that requirement. ... Nonetheless, not every ambiguity, inconsistency, or deficiency in a jury instruction rises to the level of a due process violation. The question is " 'whether the ailing instruction ... so infected the entire trial that the resulting conviction violates due process.' " ... " '[A] single instruction to a jury may not be judged in artificial isolation, but must be viewed in the context of the overall charge.' " ... If the charge as a whole is ambiguous, the question is whether there is a " 'reasonable likelihood that the jury has applied the challenged instruction in a way' that violates the Constitution."
(Citations omitted.)
In Middleton , the U.S. Supreme Court found that the combined instructions were, at worst, ambiguous because they were internally inconsistent. In response, the State of California argued that the prosecutor cured any potential ambiguity by arguing a correct statement of the law to the jury. The U.S. Supreme Court noted that the Ninth Circuit "faulted the state court for relying on the prosecutor's argument, noting that *194 instructions from a judge are presumed to have more influence than arguments of counsel." Middleton, 541 U.S. at 438, 124 S.Ct. 1830. In response, the U.S. Supreme Court held:
But this is not a case where the jury charge clearly says one thing and the prosecutor says the opposite; the instructions were at worst ambiguous because they were internally inconsistent. Nothing in Boyde [v. California, 494 U.S. 370, 110 S.Ct. 1190, 108 L.Ed. 2d 316 (1990),] precludes a state court from assuming that counsel's arguments clarified an ambiguous jury charge. This assumption is particularly apt when it is the prosecutor's argument that resolves an ambiguity in favor of the defendant.
Middleton, supra (emphasis in original).
I agree with the majority that the omission of NJI2d Crim. 3.0's "Effect of Findings"
*194 from jury instruction No. 7 which sets forth the State's burden of proof as to each and every element of the crime rendered that instruction, in isolation, an erroneous jury instruction. When read as a whole with all instructions, the district court properly instructed the jury that the State had the burden of proof beyond a reasonable doubt for the offense, but left out that the burden attached to each and every element. I disagree with the majority that the combined instructions "properly instructed that [the jury] had to find the State proved each element of first degree sexual assault beyond a reasonable doubt in order to return a guilty verdict." Without reference to the burden attaching to each and every element, the instructions were ambiguous. That said, the instructions as a whole, taken together with the prosecutors' argument to the jury which clearly delineated that the State's burden attached to each and every element of the offense, left no reasonable likelihood that the jury applied the challenged instructions in a way that violates the Constitution. As such, I concur with the majority that the judgment of the district court should be affirmed as to this issue, and I join with the court as to the remainder of the majority opinion.