**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| NATHAN MCKINNEY, | No. 17-56034 |
| Petitioner-Appellant, | D.C. No. 2:02-cv-04493-ODW-PJW |
| v. | |
| RON DAVIS, | MEMORANDUM* |
| Respondent-Appellee. | |

Appeal from the United States District Court
for the Central District of California
Otis D. Wright II, District Judge, Presiding

Argued and Submitted September 24, 2018
Pasadena, California

Before: W. FLETCHER, PAEZ, and BERZON, Circuit Judges.

Nathan McKinney appeals the denial of his petition for writ of habeas

corpus. In his petition, McKinney claims that the jury charge in his trial violated

his due process rights because it included the 2009 version of CALJIC No.

2.50.025. That instruction advised jurors that they could convict McKinney of all

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

charged conduct if they found, by a preponderance of the evidence, that he had committed prior uncharged incidents of domestic violence, evidence of which was introduced at trial.[1]  The district court did not reach the merits of McKinney's jury instruction claim.  Instead, it held the claim procedurally defaulted and concluded that McKinney's ineffective-assistance-of-appellate-counsel theory of cause and prejudice could not excuse the default because McKinney had not exhausted his ineffectiveness claim in state court.

We assume without deciding that McKinney can overcome the procedural default of his jury instruction claim.  On the merits of that claim, we find that the jury charge in McKinney's trial did not violate due process and therefore affirm the district court's denial of his petition.

---

[1] The 2009 version of CALJIC No. 2.50.025 reads in relevant part: "Evidence has been introduced for the purpose of showing that the defendant engaged in an offense involving domestic violence on one or more occasions other than those charged in the case. The prosecution has the burden of proving by a preponderance of the evidence that the defendant committed the offenses involving domestic violence, other than those for which he is on trial. . . If you find that the defendant committed a prior offense involving domestic violence, you may, but are not required to, infer that the defendant had a disposition to commit the same or similar type of offenses. If you find that the defendant had this disposition, you may, but are not required to, infer that he was likely to commit and did commit the crimes of which he is accused."

"If the charge as a whole is ambiguous, the question is whether there is a reasonable likelihood that the jury has applied the challenged instruction in a way that violates the Constitution." *Middleton v. McNeil*, 541 U.S. 433, 437 (2004) (quoting *Estelle v. McGuire*, 502 U.S. 62, 72 (1991)) (internal quotations omitted). "[T]he proper inquiry is not whether the instruction 'could have' been applied in an unconstitutional manner, but whether there is a reasonable likelihood that the jury *did* so apply it." *Victor v. Nebraska*, 511 U.S. 1, 6 (1994) (quoting *Estelle v. McGuire,* 502 U.S. 62, 72, n. 4 (1991)). Moreover, any challenged instruction must be considered in light of the full set of jury instructions and the trial record as a whole. *See Cupp v. Naughten,* 414 U.S. 141, 146-47 (1973).

The jury charge in this case was ambiguous. The district court, after reading CALJIC No. 2.50.025, told the jury that "the guilt of the defendant must be proved beyond a reasonable doubt." While this remark may not have fully harmonized CALJIC No. 2.50.025 and the reasonable doubt standard, it did, at a minimum, render the jury charge ambiguous with respect to the standard of proof. In the face of such ambiguity, the issue is whether there is a reasonable likelihood that the jury in applying CALJIC No. 2.50.025 convicted McKinney based on an inference drawn from prior uncharged domestic violence incidents that were proved only by a preponderance of the evidence. In addition to the district court's clarifying

3

remark, defense counsel reiterated that the appropriate standard was reasonable doubt and the prosecution neither discussed the uncharged domestic violence incidents in his closing argument nor suggested reliance on any inference derived from them. After examining the full set of jury instructions and the trial record, we conclude there is no reasonable likelihood that the jury applied CALJIC No. 2.50.025 in an unconstitutional manner. We therefore conclude that the jury charge at McKinney's trial did not violate due process.

**AFFIRMED**