NOT FOR PUBLICATION

FILED

MAY 02 2019

UNITED STATES COURT OF APPEALS

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

GEOFF EDWIN MURPHY,

    Petitioner-Appellant,

v.

DEBBIE ASUNCION, Warden,

    Respondent-Appellee.

No. 17-17131

D.C. No. 1:16-cv-01934-LJO-EPG

MEMORANDUM*

Appeal from the United States District Court
for the Eastern District of California
Lawrence J. O'Neill, Chief District Judge, Presiding

Argued and Submitted April 17, 2019
San Francisco, California

Before: FERNANDEZ, BEA, and N.R. SMITH, Circuit Judges.

Geoff Murphy, a California state prisoner, appeals the district court's denial

of his petition for a writ of habeas corpus.[1] *See* 28 U.S.C. § 2254. We affirm.

(1) The Warden asserts that Murphy did not exhaust his state remedies on

---

*This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[1]The petition names Debbie Asuncion, Warden, California State Prison Los
Angeles County, as respondent ("the Warden").

his claim of instructional error, and that, even if he did, this claim is procedurally defaulted. We decline to reach either issue because we find that this appeal is easily resolvable on its merits. *See Franklin v. Johnson*, 290 F.3d 1223, 1232 (9th Cir. 2002); *see also Lambrix v. Singletary*, 520 U.S. 518, 524–25, 117 S. Ct. 1517, 1523, 137 L. Ed. 2d 771 (1997).

(2) Murphy asserts that his due process rights were violated because the state trial court erred when it instructed the jury on the victim's right to act in defense of a third party. He argues that the instruction on that matter interfered with the jury's consideration of his own claim of self-defense and thereby shifted the state's burden to prove beyond a reasonable doubt that he did not act in self defense[2] when he killed his victim.[3] We disagree. We have reviewed the instructions as a whole and perceive no error in their explication of state law or otherwise. However, even if some note of ambiguity were injected, that did not infect the trial to the extent "that the resulting conviction violates due process." *Estelle v. McGuire*, 502 U.S. 62, 72, 112 S. Ct. 475, 482, 116 L. Ed. 2d 385 (1991); *see also Middleton v. McNeil*, 541 U.S. 433, 437–38, 124 S. Ct. 1830, 1832–33, 158 L. Ed. 2d 701

---

[2]*See People v. Banks*, 137 Cal. Rptr. 652, 655 (Ct. App. 1976).

[3]The state does not dispute the proposition that shifting the burden of proof would constitute a due process violation. *See Francis v. Franklin*, 471 U.S. 307, 325, 105 S. Ct. 1965, 1977, 85 L. Ed. 2d 344 (1985).

(2004) (per curiam). Instead, the evidence of Murphy's murderous attack upon his father was overwhelming. That, rather than some instructional ambiguity, most probably led to the first degree murder verdict. *See Estelle,* 502 U.S. at 72–73, 112 S. Ct. at 482; *see also People v. Elmore*, 325 P.3d 951, 958 (Cal. 2014).

(3) Nor has Murphy shown he is entitled to relief on the basis of ineffective assistance of counsel. *See Harrington v. Richter*, 562 U.S. 86, 101–02 , 131 S. Ct. 770, 785–86, 178 L. Ed. 2d 624 (2011); *Strickland v. Washington*, 466 U.S. 668, 687–96, 104 S. Ct. 2052, 2064–69, 80 L. Ed. 2d 674 (1984). Because we discern no significant error in the instructions given by the state trial court, we see no ineffective assistance in counsel's failure to object to those instructions,[4] and, even if there were some error, we are unable to say that it prejudiced the defense.[5]

AFFIRMED.

---

[4]*See Juan H. v. Allen*, 408 F.3d 1262, 1273 (9th Cir. 2005); *see also Strickland*, 466 U.S. at 689, 104 S. Ct. at 2065; *Elmore*, 325 P.3d at 958.

[5]*See Harrington*, 562 U.S. at 104, 111–12, 131 S. Ct. at 787–88, 791–92.