# IN THE COURT OF APPEALS OF IOWA

No. 20-0431
Filed May 12, 2021

**STATE OF IOWA,**
Plaintiff-Appellee,

**vs.**

**TERRY SCHOBY,**
Defendant-Appellant.

_____

Appeal from the Iowa District Court for Kossuth County, Don E. Courtney,

Judge.

Terry Schoby challenges his conviction for sexual abuse in the third degree.

**AFFIRMED.**

Jack Bjornstad of Jack Bjornstad Law Office, Spirit Lake, for appellant.

Thomas J. Miller, Attorney General, and Thomas J. Ogden, Assistant

Attorney General, for appellee.

Considered by Vaitheswaran, P.J., and Tabor and Ahlers, JJ.

**AHLERS, Judge.**

Shortly after the death of their father in September 2018, Terry Schoby and his brother got together at their father's house to make funeral arrangements. The brother was accompanied by his girlfriend, B.B. The two brothers, their sister, and B.B. ran errands related to the funeral arrangements throughout the day. While doing so, the two brothers and B.B. consumed alcohol.

That evening, the brothers returned to their father's house along with B.B. Toward the end of the evening, the brother was asleep or passed out on the sofa. When B.B. tried to awaken the brother to get him to go to bed, the brother woke up enough to say he intended to sleep on the sofa, so he was left to do that. B.B. went to the bedroom in which she intended to sleep and fell asleep on the bed. She was awakened by Schoby coming into the room and getting in the bed. It was undisputed that sex acts occurred in the first bedroom, followed by Schoby pulling B.B. by her hair[1] to a second bedroom, and additional sex acts occurred in the second bedroom. During the encounter, the brother awoke and came to look for B.B. and Schoby. When they heard the brother coming down the hallway, Schoby hid in the closet while B.B. stood against the wall in an apparent attempt to stay out of sight. The brother turned on the light and saw B.B.

After multiple inquiries by the brother as to what was going on, B.B. told the brother Schoby raped her. The brother called the police, and an investigation ensued. B.B. consistently asserted Schoby forcibly had sex with her against her

---

[1] B.B. testified Schoby dragged her by the hair from the first bedroom to the second bedroom on her hands and knees. Schoby testified he grabbed her hair and "walked her like a dog" on her hands and feet from one bedroom to the other.

will under threat that Schoby would kill his brother if B.B. made any noise. Schoby admitted he and B.B. had sex, including rough sex that involved strangulation, gagging, and hair pulling, but he claimed it was consensual and the roughness was mutually agreeable role playing.

## I.  Background of the Charge, Jury Instructions, and Trial

The State charged Schoby with sexual abuse in the second degree, and the case went to a jury trial. B.B. and Schoby testified to their conflicting versions of events at trial. The jury found Schoby not guilty of sexual abuse in the second degree but found him guilty of the lesser-included offense of sexual abuse in the third degree based on the "force or against the will" variation of that crime. *See* Iowa Code § 709.4(1)(a) (2018) (making it sexual abuse in the third degree to perform a sex act "by force or against the will of the other person").

The marshaling instruction[2] given to the jury for the lesser included offense of sexual abuse in the third degree stated:

> The State must prove both of the following elements of sexual abuse in the third degree:
> 1.  On or about the 28th day of September, 2018, the defendant performed a sex act with [B.B.].
> 2.  The defendant performed the sex act by force or against the will of [B.B.].
> If the State has proved both of the elements, the defendant is guilty of sexual abuse in the third degree. If the State has failed to prove both of the elements, the defendant is not guilty of sexual abuse in the third degree.

---

[2] "A marshaling instruction is one that 'sets out, hopefully in plain language, what the State must show in order to convict the defendant of the crime charged.'" *State v. Kuhn*, No. 19-1895, 2021 WL 1017128, at *3 n.6 (Iowa Ct. App. Mar. 17, 2021) (quoting *State v. Kuhse*, 937 N.W.2d 622, 633 (Iowa 2020) (Appel, J., concurring specially)).

Schoby objected to the instruction and requested an alternative wording for the second element. Schoby proposed adding the modifier "unwelcome" to the second element, so the State would be required to prove Schoby performed the sex act "by unwelcome force or against the will of B.B." Schoby claimed adding "unwelcome" would make it clear the State was required to prove the force involved was without B.B.'s consent. Without the "unwelcome" modifier, Schoby claimed the marshaling instruction would mislead the jury and permit the jury to find him guilty of the offense even if it found the two had forceful but consensual sex. The district court rejected Schoby's proposed modification and gave the instruction as quoted. After being found guilty of the offense, Schoby's motions in arrest of judgment and for new trial were denied, and he was sentenced accordingly.

## II.    The Issue on Appeal

On appeal, Schoby asserts he is entitled to a new trial based on the claimed instructional error. He claims he was entitled to the modified instruction because it is a correct statement of the law and was supported by substantial evidence and the failure to give the modified instruction was prejudicial and also deprived him of his due process right to a fair trial.

## III.    Standard of Review

"We review challenges to jury instructions for correction of errors at law." *State v. Bynum*, 937 N.W.2d 319, 324 (Iowa 2020) (quoting *State v. Guerrero Cordera*, 861 N.W.2d 253, 257-58 (Iowa 2015)). "[W]e generally review a district court's refusal to give a requested instruction for errors at law; however, if the jury instruction is not required but discretionary, we review for an abuse of discretion."

*Id.* (alteration in original) (quoting *State v. Plain*, 898 N.W.2d 801, 811 (Iowa 2017)).

We review claims of violations of constitutional rights de novo. *State v. Smith*, ___ N.W.2d ___, 2021 WL 1323520, at *3 (Iowa 2021). A jury instruction in a criminal case violates due process if it fails to give effect to the requirement that the State prove every element of the offense. *Middleton v. McNeil*, 541 U.S. 433, 437 (2004). "Nonetheless, not every ambiguity, inconsistency, or deficiency in a jury instruction rises to the level of a due process violation." *Id.* A faulty instruction only rises to that level when it "so infected the entire trial that the resulting conviction violates due process." *Id.* (quoting *Estelle v. McGuire*, 502 U.S. 62, 72 (1991)).

**IV. Analysis**

Schoby is correct in asserting he is entitled to a requested instruction provided the instruction correctly states the law, is supported by substantial evidence, and is not stated elsewhere in the instructions. *See, e.g.*, *Weyerhaeuser Co. v. Thermogas Co.*, 620 N.W.2d 819, 823–24 (Iowa 2000). However, the district court was not obligated to instruct in the language requested by Schoby, so long as the topic is covered by the instructions as a whole. *See State v. Booth-Harris*, 942 N.W.2d 562, 581 (Iowa 2020); *State v. Becker*, 818 N.W.2d 135, 141–42 (Iowa 2012), *overruled on other grounds by Alcala v. Marriott Int'l, Inc.*, 880 N.W.2d 699, 708 n.3 (Iowa 2016). Further, erroneous jury instructions warrant reversal only when prejudice results. *State v. Shorter*, 945 N.W.2d 1, 9 (Iowa 2020). "[P]rejudice results when jury instructions mislead the jury or materially

misstate the law." *Id.* (quoting *State v. Benson*, 919 N.W.2d 237, 241–42 (Iowa 2018)).

Schoby does not claim the challenged marshaling instruction misstates the law. Rather, he claims it misled or confused the jury based on the unique facts of this case. To determine whether a jury instruction is misleading or confusing, we look at "what the language of the instruction would mean to a reasonable jury." *Rivera v. Woodward Res. Ctr.*, 865 N.W.2d 887, 904 (Iowa 2015). Here, the battle lines were clearly drawn by the manner in which the case was tried. *See State v. Davis*, 951 N.W.2d 8, 18–19 (Iowa 2020) (considering the evidence presented and "how the case was tried" in determining whether prejudicial instructional error occurred). The State urged the jury to conclude Schoby forced himself upon B.B. and had sex with her without her consent. Schoby urged the jury to conclude the sex was consensual and any forcefulness that occurred was part of mutual and consensual role-playing. Given these starkly different positions, we do not see the marshaling instruction as sowing any seeds of confusion with the jury. To accept Schoby's theory would require a belief the jury may have thought the jury instruction required them to find Schoby guilty even though the sex acts in question were undertaken by completely consenting adults engaged in rough role-playing. We do not take such a dim view of the jury's collective common sense. The marshaling instruction's reference to "by force or against the will of [B.B.]," coupled with the fact the State never presented any evidence or argument suggesting the jury could find Schoby guilty on Schoby's feared interpretation of the instruction, made it clear the jury could only find Schoby guilty if it determined the sex acts he performed with B.B. were nonconsensual. Finding the challenged instruction not

to be misleading or confusing, we reject Schoby's contention.[3]  In doing so, we

echo the observations of the Illinois Supreme Court addressing a similar challenge:

> In common understanding, if it is said that one was forced to perform an act, it follows that the person's act was nonconsensual; and if one freely consents to the performance of an act upon oneself, clearly that person has not been forced.  Thus, although the prosecution is not required to prove nonconsent formally, it is obvious that if the prosecution shows that there was an act of sexual penetration by force, that evidence demonstrates that the act was nonconsensual. To prove the element of force is implicitly to show nonconsent.

*People v. Haywood*, 515 N.E.2d 45, 50 (Ill. 1987).

We find no error in the district court's instructions to the jury, so we reject

Schoby's request for a new trial on that basis.  As there was no error in the

instructions, we likewise reject Schoby's due process claim based on instructional

error.

**AFFIRMED.**

---

[3] Our opinion should not be interpreted as a declaration that granting the requested modification would have been error.  Our appellate rules and standards of review require us to rule on the issues presented.  In this case, the issues presented do not include making a determination of whether the requested modification, if it had been granted, would be appropriate, and, therefore, we express no opinion on that issue.