**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

JAN 12 2015

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS



| | |
|---|---|
| HERIBERTO CASTRO-GUTIERREZ, | No. 13-16296 |
| Petitioner - Appellant, | D.C. No. 2:12-cv–2421-GGH |
| v. | |
| RON BARNS, Warden, | MEMORANDUM[*] |
| Respondent - Appellee. | |

Appeal from the United States District Court
for the Eastern District of California
Gregory G. Hollows, Magistrate Judge, Presiding

Submitted December 9, 2014[**]
San Francisco, California

Before: PAEZ and TASHIMA, Circuit Judges, and QUIST, Senior District Judge.[**]

Appellant Heriberto Castro-Gutierrez, a California state prisoner, appeals the

district court's denial of his petition for habeas corpus under 28 U.S.C. § 2254.

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously finds this case suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2)(C).

[**]     The Honorable Gordon J. Quist, Senior District Judge for the U.S. District Court for the Western District of Michigan, sitting by designation.

Castro-Gutierrez contends that the trial court violated his right to due process by giving the jury an erroneous instruction on the kidnapping charge against him. We have jurisdiction under 28 U.S.C. § 2253(a). We review the district court's decision de novo, *see Lopez v. Thompson*, 202 F.3d 1110, 1116 (9th Cir. 2000), and we affirm.

Under the Antiterrorism and Effective Death Penalty Act of 1996, a federal court may grant a habeas petition on a claim adjudicated on the merits in state court only if the state court's decision "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d). Castro-Gutierrez contends that the decision of the California Court of Appeal involved an unreasonable application of clearly established Federal law.

The Supreme Court has explained that "not every ambiguity, inconsistency, or deficiency in a jury instruction rises to the level of a due process violation." *Middleton v. McNeil*, 541 U.S. 433, 437 (2004) (per curiam). The relevant question "is whether the ailing instruction by itself so infected the entire trial that the resulting conviction violates due process." *Estelle v. McGuire*, 502 U.S. 62, 72

2

(1991) (internal quotation marks omitted). "[T]he instruction may not be judged in artificial isolation, but must be considered in the context of the instructions as a whole and the trial record." *Id.* (internal quotation marks omitted).

The Court of Appeal looked at the jury instructions as a whole, noting that the trial court had correctly instructed the jury on the elements of the kidnapping charge on two separate instances. The court concluded that there was no reasonable likelihood that the jury ignored those instructions and convicted Castro-Gutierrez pursuant to the challenged instruction. That conclusion did not involve an unreasonable application of federal law. *See Middleton*, 541 U.S. at 438 ("Given three correct instructions and one contrary one, the state court did not unreasonably apply federal law when it found that there was no reasonable likelihood the jury was misled.").

The Court of Appeal further concluded that the challenged instruction did not negate Castro-Gutierrez's consent defense, citing as an additional reason that the prosecutor had focused on the lack of consent in his argument. "Nothing . . . precludes a state court from assuming that counsel's arguments clarified an ambiguous jury charge. This assumption is particularly apt when it is the *prosecutor's* argument that resolves an ambiguity in favor of the *defendant*." *Id.* Accordingly, the state court's conclusion that there was no reasonable likelihood

3

that the jury was misled regarding the consent defense, particularly in light of the prosecutor's closing argument, was not unreasonable.

AFFIRMED.