PAEZ, Circuit Judge,
joined by PREGERSON, Circuit Judge, concurring in the denial of rehearing en banc:
The conflict that presents itself again and again in this case is how to apply Nichols v. United States, 511 U.S. 738, 114 S.Ct. 1921, 128 L.Ed.2d 745 (1994), to cases like Bryant, where the government seeks to use uncounseled tribal court misdemeanor convictions as an essential element of a felony prosecution under 18 U.S.C. § 117(a).[1] The dissents from denial of rehearing en banc, along with two other circuits, urge a bright-line reading of Nichols that permits the use of these convictions as long as they do not violate the Sixth Amendment (which tribal court convictions, by definition, never do). We write to explain why Bryant does not apply this bright-line rule, while recognizing that only the Supreme Court can clarify the meaning and scope of its decision in Nichols.
I
Nichols permits the use of a prior uncounseled misdemeanor conviction to enhance a sentence, so long as the conviction does not violate the Sixth Amendment. Nichols, 511 U.S. at 746-47, 114 S.Ct. 1921 (citing Scott v. Illinois, 440 U.S. 367, 99 S.Ct. 1158, 59 L.Ed.2d 383 (1979)). That *1043 Nichols is a sentencing case is significant. The most salient difference between the guilt and punishment phases of criminal adjudication is that prosecutors must prove each element of an offense beyond a reasonable doubt, In re Winship, 397 U.S. 358, 364, 90 S.Ct. 1068, 25 L.Ed.2d 368 (1970), while they generally need only prove the existence of a sentence enhancement factor by a preponderance of the evidence, see Nichols, 511 U.S. at 748, 114 S.Ct. 1921. Nothing in Nichols purports to sanction the use of an uncounseled conviction for Winship purposes. Indeed, to permit the use of those misdemeanor convictions to establish an essential element of a § 117(a) felony prosecution would conflict with our long-held axiom that we hold the government to a higher burden when it seeks to prove an essential element of an offense. See, e.g., Medley v. Runnels, 506 F.3d 857, 862 (9th Cir.2007) (citing Winship, 397 U.S. at 364, 90 S.Ct. 1068, and Middleton v. McNeil, 541 U.S. 433, 437, 124 S.Ct. 1830, 158 L.Ed.2d 701 (2004)).
The Court in Nichols acknowledged the reliability concerns that inhere in the Sixth Amendment right to counsel. Critically, the Court affirmed the sentencing court’s assessment of criminal history points under the United States Sentencing Guidelines because the sentencing court used the predicate uncounseled conviction during the sentencing phase, rather than the guilt phase. The Court concluded that the sentencing scheme in that case “accommodated” its reliability concerns because (1) under the Sentencing Guidelines, a defendant may “convince the sentencing court of the unreliability of any prior valid but uncounseled convictions”; and (2) the preponderance of the evidence standard used at sentencing necessarily connotes a less stringent reliability requirement. Nichols, 511 U.S. at 747-48, 114 S.Ct. 1921; id. at 752,114 S.Ct. 1921 (Souter, J., concurring).
Nichols does not hold that an uncoun-seled conviction is sufficiently reliable to support a conviction in a future prosecution where, as in Bryant and United States v. Ant, 882 F.2d 1389 (9th Cir.1989), these accommodations are absent. It follows that Nichols does not invalidate the reliability concerns that underpin this court’s precedent in Ant. Rather, Nichols leaves open the question of whether a potentially unreliable uncounseled misdemeanor conviction passes muster at the guilt phase. Ant fills this gap by holding that the government may not use prior tribal court misdemeanor convictions that do not provide an equivalent right of counsel as evidence of guilt in a subsequent federal prosecution. See Ant, 882 F.2d at 1396. This approach adheres to the Sixth Amendment’s core interest in reliability.
II
Further complicating our reading of Nichols is the unique reason why Bryant’s uncounseled convictions were constitutionally valid: the predicate convictions all occurred in tribal court, where the Sixth Amendment does not apply.[2] Statutes like *1044 § 117(a) affect both tribal and federal enforcement of serious crimes and raise difficult questions of tribal sovereignty. Compare United States v. Wheeler, 435 U.S. 313, 323-24, 98 S.Ct. 1079, 55 L.Ed.2d 303 (1978) (affirming “the sovereign power to punish tribal offenders” as “the continued exercise of retained tribal sovereignty”), with United States v. Lara, 541 U.S. 193, 200, 124 S.Ct. 1628, 158 L.Ed.2d 420 (2004) (describing Congress’s plenary power to pass legislation affecting Indian tribes). In enacting § 117(a), Congress exercised its plenary power to permit more vigorous federal prosecution of serious crimes against women that tribes may not have the resources to address. The importance and urgency of these efforts, as emphasized by amicus curiae the National Congress of American Indians, are beyond dispute.
Congress, however,'has readily coupled expanded tribal court jurisdiction with a commensurate right to counsel when due' process so dictates. The Indian Civil Rights Act (“ICRA”), 25 U.S.C. §§ 1301-1303, does not provide a right to counsel that is coextensive .with the Constitution. Yet, as Congress has endeavored to curb domestic violence in Indian territory more aggressively, it also has moved toward expanding the right to counsel for tribal court defendants. See id. § 1302(a)-(c) (codifying the Tribal Law and Order Act of 2010, which allows tribal courts to prosecute felonies and increases tribal courts’ sentencing authority, but also requires tribal courts to provide procedural safeguards, including an equivalent right to counsel, when they prosecute cases under such expanded jurisdiction); id. § 1304 (establishing a new “special domestic violence jurisdiction” to allow tribes to prosecute non-Indians who commit acts of domestic violence within the tribe’s jurisdiction and requiring tribal courts to provide counsel to those defendants).
No part of the decision in Bryant is intended to express contempt for tribal courts. Nor does our decision frustrate the purpose of § 117(a) simply because it conditions the use of prior tribal court misdemeanor convictions that result in imprisonment on the provision of counsel. Rather, it is consistent with Congress’s dual interest in respecting tribal courts and ensuring due process for tribal court defendants.
For the reasons explained in the opinion and here, we concur in the decision not to take the case en banc. That said, given the sharp division over the important issues at stake in this case, Supreme Court review may be unavoidable.

. The full text of § 117(a) reads:
Any person who commits a domestic assault within the special maritime and territorial jurisdiction of the United States or Indian country and who has a final conviction on at least 2 separate prior occasions in Federal, State, or Indian tribal court proceedings for offenses that would be, if subject to Federal jurisdiction—
(1) any assault, sexual abuse, or serious violent felony against a spouse or intimate partner, or against a child of or in the care of the person committing the domestic assault; or
an offense under chapter 110A,
shall be fined under this title, imprisoned for a term of not more than 5 years, or both, except that if substantial bodily injury results from violation under this section, the offender shall be imprisoned for a term of not more than 10 years.

. Notably, Nichols involved the use of prior uncounseled convictions in the sentencing court’s assessment of additional criminal history points under section 4A1.1 of the Sentencing Guidelines. However, sentencing courts cannot consider tribal court convictions to compute a defendant’s criminal history category. U.S.S.G. § 4A1.2(i). A sentencing court may depart from a defendant’s criminal history category "[i]f reliable information indicates that the defendant’s criminal history categorically substantially under-represents the seriousness of the defendant’s criminal history or the likelihood that the defendant will commit other crimes [.]” Id. § 4A1.3(a)(1). The court must specify in writing the reasons why an upward departure is warranted under this standard. Id. § 4A1.3(c)(1)'. Only then may the court consider ‘‘sentences for foreign and tribal offenses.” Id. § 4A1.3(a)(2)(A). Nothing in Nichols contemplates extending its holding to uncounseled tribal court convictions, howev *1044 er, because the Court affirmed the use of Nichols's uncounseled convictions under section 4A1.1, not section 4A1.3.