
**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| CARLOS LUIS, | No. 16-55596 |
| Petitioner-Appellant, | D.C. No. 2:14-cv-08617-ODW-JPR |
| v. | |
| W. L. MONTGOMERY, Acting Warden, | MEMORANDUM[*] |
| Respondent-Appellee. | |

Appeal from the United States District Court
for the Central District of California
Otis D. Wright II, District Judge, Presiding

Argued and Submitted October 2, 2017
Pasadena, California

Before: RAWLINSON and N.R. SMITH, Circuit Judges, and KORMAN,[**]
District Judge.

Carlos Luis appeals the denial of his petition for habeas corpus relief under

22 U.S.C. § 2254. We have jurisdiction under 22 U.S.C. § 2253(a), and we affirm.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The Honorable Edward R. Korman, United States District Judge for the Eastern District of New York, sitting by designation.

1.     Luis fails to identify any error in the instructions on first-degree murder and second-degree fetal murder—the offenses on which he was convicted. Under these circumstances, we can find no due process violation. Errors in state-law jury instructions alone will not sustain a federal due process claim. *Estelle v. McGuire*, 502 U.S. 62, 71-72 (1991). Although he claims that error in the instructions on lesser-included offenses infected his trial, he offers no explanation for how the alleged errors relieved the government of its obligation to prove beyond a reasonable doubt all elements of the offenses on which he was actually convicted. *Middleton v. McNeil*, 541 U.S. 433, 437 (2004).

2.     Luis has not identified any independent due process right to have the jury correctly instructed on all lesser-included offenses. The Ninth Circuit has long rejected this type of habeas claim in non-capital cases, because the United States Supreme Court has expressly left this issue undecided. *See Solis v. Garcia*, 219 F.3d 922, 928 (9th Cir. 2000).

Even assuming such a claim existed, the California Court of Appeal found no error in the disputed instructions. *People v. Luis*, B240741, 2013 WL 4223695, at *11 (Cal. Ct. App. Aug. 13, 2013). Moreover, the California Court of Appeal determined that any error was harmless beyond a reasonable doubt. *Id.* Luis has not demonstrated that these conclusions were unreasonable. *See Davis v. Ayala*, 135 S.

Ct. 2187, 2198-99 (2015) (holding that where a state court applies the harmless beyond a reasonable doubt standard "a federal court may not award habeas relief under § 2254 unless the *harmlessness determination itself* was unreasonable." (emphasis in original) (quoting *Fry v. Pliler*, 551 U.S. 112, 119 (2007))).

**AFFIRMED.**