NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

MAR 27 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| TERRANCE L. VARNER, | No. 16-15771 |
| Petitioner-Appellant, | D.C. No. 3:14-cv-02218-EMC |
| v. | |
| DAVE DAVEY, Warden, | MEMORANDUM* |
| Respondent-Appellee. | |

Appeal from the United States District Court
for the Northern District of California
Edward M. Chen, District Judge, Presiding

Argued and Submitted March 14, 2018
San Francisco, California

Before: WATFORD and FRIEDLAND, Circuit Judges, and RAKOFF,** Senior
District Judge.

Petitioner Terrance L. Varner ("Varner") appeals from the district court's

denial of his petition for a writ of habeas corpus under the Antiterrorism and

Effective Death Penalty Act ("AEDPA"), 28 U.S.C. § 2254. We have jurisdiction

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\* The Honorable Jed S. Rakoff, Senior United States District Judge for
the Southern District of New York, sitting by designation.

under 28 U.S.C. § 2253. Reviewing the district court's denial *de novo*, *see Lopez v. Thompson*, 202 F.3d 1110, 1116 (9th Cir. 2000) (en banc), we affirm.

Varner was convicted by a California state court jury of second degree murder and felon in possession of a firearm. The jury also approved an enhancement that provides for an additional term of 25 years to life in prison if, in the commission of a murder, a defendant "personally and intentionally discharge[d] a firearm and proximately cause[d] great bodily injury . . . or death." Cal. Penal Code § 12022.53(d). Varner alleges numerous constitutional deficiencies in the trial that resulted in these verdicts.

Under AEDPA's highly deferential standard of review, Varner can obtain relief on claims that have been "adjudicated on the merits in State court proceedings" only if the last reasoned opinion of the state courts resulted in a decision that either was (1) "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" or (2) "based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d); *see also Deck v. Jenkins*, 814 F.3d 954, 977 (9th Cir. 2014). Moreover, even where there was error, Varner is entitled to relief only if he can establish that such error resulted in actual prejudice under *Brecht v. Abrahamson*, 507 U.S. 619, 637 (1993). "Under this test, relief is proper only if the federal court has 'grave doubt

about whether a trial error of federal law had substantial and injurious effect or influence in determining the jury's verdict.'" *Davis v. Ayala*, 135 S. Ct. 2187, 2197-98 (2015) (quoting *O'Neal v. McAninch*, 513 U.S. 432, 436 (1995)). This highly deferential standard subsumes the "more liberal AEDPA . . . standard which requires only that the state court's harmless-beyond-a-reasonable-doubt determination [under *Chapman v. California*, 386 U.S. 18 (1967)] be unreasonable." *Fry v. Pliler*, 551 U.S. 112, 120 (2007). Therefore, if the state court made a harmlessness determination, it is a necessary but not sufficient condition for relief that "the [state court's] harmlessness determination itself was unreasonable." *Id.* at 119. A state court's harmlessness determination is unreasonable only if it is "so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Ayala*, 135 S. Ct. at 2199 (quoting *Harrington v. Richter*, 562 U.S. 86, 103 (2011)).

Varner first challenges on due process grounds the jury instructions on the special enhancement under California Penal Code § 12202.53(d) and on aiding and abetting. "[A] jury instruction violates due process if it fails to give effect to th[e] requirement" that the state prove every element of a criminal offense beyond a reasonable doubt. *Middleton v. McNeil*, 541 U.S. 433, 437 (2004). However, "not every . . . deficiency in a jury instruction rises to the level of a due process

3

violation," *id.*, and "[a]n omission, or an incomplete instruction, is less likely to be prejudicial than a misstatement of the law," *Henderson v. Kibbe*, 431 U.S. 145, 155 (1977).

Varner argues that the jury instructions on California Penal Code § 12202.53(d) violated his right to due process because they did not provide a definition of "proximate cause."[1] Although this omission may have been erroneous under state law, it did not violate "clearly established federal law." To the contrary, the Supreme Court has found no due process violation where the challenged jury instruction, like the instruction here, "parroted the language of the statute." *Waddington v. Sarausad*, 555 U.S. 179, 190-96 (2009). Moreover, even if there were a federal error, we see no reason to doubt the state court's conclusion that any error was harmless because, a lay juror's conception of proximate cause is likely no broader than that conveyed by the omitted instruction.

Varner's argument regarding the trial court's failure to instruct the jury on concurrent causation is unavailing as well. Under California law, an act is a concurrent cause of death if it is a "substantial factor" contributing to the victim's death. *People v. Bland*, 48 P.3d 1107, 1122 (Cal. 2002). Here, the coroner testified that Ogden's death was caused by multiple gunshot wounds. Based on that

---

[1] The jury was given the following instruction: "If you find the defendant guilty, you must determine whether the defendant intentionally and personally discharged a firearm and proximately caused great bodily injury or death to [the victim]."

testimony, the state court reasonably concluded that the trial court's failure to instruct the jury on concurrent causation was harmless.

With respect to the instructions on aiding and abetting, it is settled law in California that an aider and abettor's mental state must be at least that required of the direct perpetrator. *People v. McCoy*, 25 Cal. 4th 1111, 1118 (2001). Here, however, the aiding-and-abetting instruction permitted the jury to find Varner guilty of aiding and abetting second degree murder even if he acted with a lesser *mens rea* than that required of the direct perpetrator of second degree murder. Varner argues that, as a result, the jury could have found that he "acted with a less culpable mental state than the implied malice required for second-degree murder." The state court reasonably held that any such error was harmless. The jury found that Varner personally and intentionally discharged a firearm, and no evidence suggested that any of the shots fired were not aimed at the victim. We therefore see little chance that the jury found that Varner acted with anything less than implied malice.[2]

---

[2] Varner erroneously argues that the state court's harmlessness determinations warrant no deference because the court failed to evaluate harmlessness "in light of the record as a whole," instead viewing the evidence in the light most favorable to the prosecution. We disagree. *First,* in finding the error in the aiding and abetting instruction harmless, the district court relied exclusively on the jury's finding on the enhancement, and not on any analysis of the record. *Second,* regarding the enhancement instruction, the mere fact that the state court concluded that the jury could have found that Varner "proximately caused" the victim's death, notwithstanding some evidence to the contrary, does not support an inference that

Varner also raises claims under the Constitution's Confrontation Clause. The Confrontation Clause of the Sixth Amendment provides that, "[i]n all criminal prosecutions, the accused shall enjoy the right . . . to be confronted with the witnesses against him." U.S. Const. amend. VI. "A witness's testimony against a defendant is thus inadmissible unless the witness appears at trial or, if the witness is unavailable, the defendant had a prior opportunity for cross-examination." *Melendez-Diaz v. Massachusetts*, 557 U.S. 305, 309 (2009). The state court found that Varner failed to establish any Confrontation Clause violation.

*First*, Varner objects to the admission of the preliminary hearing testimony of a witness named DeAngelo Hudson, which the trial court admitted after deeming Hudson an "unavailable witness" on the grounds that Hudson had properly invoked his Fifth Amendment privilege against self-incrimination and refused to testify, even after the court raised the prospect of criminal contempt. Applying the highly deferential standard set forth in *Brecht*, 507 U.S. 619, we conclude that, even if erroneously admitted, Hudson's preliminary hearing testimony did not have a "substantial and injurious effect or influence in determining the jury's verdict." *Davis v. Ayala*, 135 S. Ct. 2187, 2198-99 (2015) (quoting *O'Neal v. McAninch*, 513 U.S. 432, 436 (1995)). As Varner's counsel

---

the state court failed to review the entire record. This is especially true since the state court extensively recounted all the testimony offered at the trial in its opinion.

correctly acknowledged on appeal, Hudson's preliminary hearing testimony was "cumulative," and "the prosecution did not need [Hudson's] testimony to prove its case." Hudson's testimony that he witnessed Varner shoot at the victim was cumulative because three other eyewitnesses admitted in earlier statements to seeing Varner shoot at Ogden as well. In light of this testimony, we conclude that any error in admitting Hudson's preliminary hearing testimony was harmless.

*Second*, Varner argues that the trial court erred by admitting the pretrial statement of a witness named Carl Anthony. The state court reasonably concluded that the admission of this statement did not deprive Varner of his rights under the Confrontation Clause because Anthony was available for cross-examination. "[T]he Confrontation Clause guarantees only 'an *opportunity* for effective cross-examination, not cross-examination that is effective in whatever way, and to whatever extent, the defense might wish.'" *United States v. Owens*, 484 U.S. 554, 559 (1988) (quoting *Kentucky v. Stincer*, 482 U.S. 730, 739 (1987)). It was therefore not an unreasonable application of Supreme Court precedent for the state court to conclude that a witness is not rendered unavailable for cross-examination simply by feigning memory loss. *Felix v. Mayle*, 379 F.3d 612, 617-18 (9th Cir. 2004) (citing *Owens*, 484 U.S. at 564), *overruled on other grounds by Mayle v. Felix*, 545 U.S. 644 (2005).

Varner next contends that the prosecutor misstated the law of voluntary

7

manslaughter during her closing rebuttal argument and that this statement amounted to prosecutorial misconduct in violation of his due process rights. Specifically, the prosecutor described as the "standard example" of a provocation that would qualify for the heat-of-passion defense an example that was, at best, extreme and, quite possibly, erroneous under California law. *See People v. Najera*, 41 Cal. Rptr. 3d 244, 251 (Ct. App. 2006). The state court held in this case, however, that the prosecutor's example neither misrepresented the heat-of-passion defense nor distorted the given jury instructions.

"[T]he touchstone of due process analysis in cases of alleged prosecutorial misconduct is the fairness of the trial." *Smith v. Phillips*, 455 U.S. 209, 219 (1982). The context in which the prosecutor's comment was made in this case demonstrates that the comment did not render the trial fundamentally unfair, even if it was legally incorrect. As an initial matter, the Supreme Court of the United States has explained that a "prosecutor's comments must be evaluated in light of the defense argument that preceded it," and accordingly found no due process violation where, like here, "the objectionable content was invited by or was responsive to the opening summation of the defense." *Darden v. Wainwright*, 477 U.S. 168, 179, 182 (1986). Furthermore, "arguments of counsel generally carry less weight with a jury than do instructions from the court. The former are usually billed in advance to the jury as matters of argument, not evidence, and are likely

8

viewed as the statements of advocates," whereas the latter "are viewed as definitive and binding statements of the law." *Boyde v. California*, 494 U.S. 370, 384 (1990). Indeed, the trial court instructed the jury on voluntary manslaughter, and those instructions are unchallenged. The court also instructed the jury that it must accept the law as stated by the court and that if anything concerning the law said by attorneys in their arguments conflicted with the court's instructions, the jury must follow the court's instructions. Therefore, the state court reasonably concluded that the prosecutor's example of provocation did not violate Varner's due process rights.

Finally, Varner raises three ineffective assistance of counsel claims. The Sixth Amendment's right to counsel guarantees effective assistance of counsel. *Strickland v. Washington*, 466 U.S. 668, 686 (1984). Counsel's conduct is ineffective if it so undermined the proper functioning of the adversarial process that the trial cannot be relied upon as having produced a just result. *Id.* In order to prevail on a Sixth Amendment ineffectiveness of counsel claim, a petitioner must establish two things: (1) counsel's performance was deficient and fell below an "objective standard of reasonableness" under prevailing professional norms, *id.* at 687-88; and (2) defendant was prejudiced by counsel's deficient performance, *i.e.*, that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different," *id.* at 694. A reasonable

probability is a probability sufficient to undermine confidence in the outcome. *Id.*
Here, the state court held that Varner had not shown prejudice as to any of his three ineffective assistance of counsel claims. We see nothing unreasonable about that determination.

*First*, Varner argues that trial counsel rendered ineffective assistance of counsel by withdrawing a request for a cautionary accomplice jury instruction. This instruction would have advised the jury, among other things, that the jury could not find Varner guilty based on the testimony of an accomplice unless the testimony was corroborated by other evidence and that the jury should view an accomplice's testimony tending to incriminate a defendant with caution. *See* Cal. Jury Instructions 3.11; Cal. Jury Instructions 3.16. Trial counsel initially requested that the court instruct the jury about accomplice testimony but then withdrew the request during the jury instruction conference.

Counsel had good reason to withdraw the request: (i) it was questionable whether the relevant witness even was an accomplice; (ii) the requirement that the accomplice's testimony be corroborated, which requires only "slight" corroborating evidence and not on every detail, was met in this case; (iii) the fact that the relevant witness potentially stood to gain by testifying against petitioners was made known to the jury by virtue of the fact that he was in jail awaiting sentencing in an unrelated case, such that there was less need for instruction on

viewing his testimony with caution; and (iv) the witness testified to some things that were helpful to the defense.

Moreover, "*Strickland* specifically commands that a court 'must indulge [the] strong presumption' that counsel 'made all significant decisions in the exercise of reasonable professional judgment.'" *Cullen v. Pinholster*, 563 U.S. 170, 196 (2011) (alteration in original) (quoting *Strickland*, 466 U.S. at 690). Petitioners show no reason to disregard that strong presumption here. *Cf. Knowles v. Mirzayance*, 556 U.S. 111, 122-24 (2009) (abandoning a defense that has "almost no chance of success" is reasonable, even if there is "nothing to lose" by preserving the defense).

*Second*, Varner argues that trial counsel provided ineffective assistance in failing to timely object to the prosecutor's alleged misstatement of the law regarding heat-of-passion and voluntary manslaughter. As discussed above, the state court was justified in finding that the prosecutor's argument did not make a difference at trial. It was therefore not an unreasonable application of *Strickland* to conclude that this ineffective-assistance claim failed for lack of prejudice.

*Third,* and finally, Varner alleges that appellate counsel provided ineffective assistance because they failed to present in their appellate brief the foregoing claims for ineffective assistance of counsel. To determine whether appellate counsel's failure to raise a claim of ineffective assistance of trial counsel was

11

objectively unreasonable and prejudicial, the district court must first assess the merits of the underlying claim that trial counsel provided constitutionally deficient performance. *Moormann v. Ryan*, 628 F.3d 1102, 1106-07 (9th Cir. 2010). If trial counsel's performance was not objectively unreasonable or did not prejudice the petitioner, then appellate counsel did not act unreasonably in failing to raise a meritless claim of ineffective assistance of counsel, and the petitioner was not prejudiced by appellate counsel's omission. *Id.* As explained above, the ineffective assistance of trial counsel claims do not warrant habeas relief. Appellate counsel therefore was not ineffective in not raising these claims as a basis for reversal on appeal, and the California Supreme Court's rejection of the ineffective assistance of appellate counsel claims of petitioners was not contrary to or an unreasonable application of clearly established precedent.

**AFFIRMED.**