NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 19a0112n.06

No. 17-2473

## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

| | | |
|---|---|---|
| KEVIN MICHAEL-DORMAN BELTOWSKI, | ) | **FILED** |
| | ) | Mar 12, 2019 |
| Petitioner-Appellant, | ) | DEBORAH S. HUNT, Clerk |
| | ) | |
| v. | ) | ON APPEAL FROM THE |
| | ) | UNITED STATES DISTRICT |
| SHAWN BREWER, Warden, | ) | COURT FOR THE EASTERN |
| | ) | DISTRICT OF MICHIGAN |
| Respondent-Appellee. | ) | |

Before: KETHLEDGE, WHITE and BUSH, Circuit Judges.

KETHLEDGE, Circuit Judge. Kevin Beltowski appeals the district court's denial of his habeas petition, arguing that a jury instruction at his trial violated due process and that his counsel provided ineffective assistance. We reject both arguments and affirm.

I.

Beltowski and his friend, Timothy Moraczewski, ran a marijuana grow house in Detroit. On the evening of September 26, 2010, Beltowski encountered Moraczewski at the house. Soon the two men began to argue about their marijuana operation. In the midst of the argument, Moraczewski aimed a rifle at Beltowski and fired a shot past his head. During the ensuing struggle, Beltowski choked Moraczewski with the rifle's shoulder strap.

Minutes later, Beltowski called Moraczewski's brother, Jeffrey, to tell him about the fight. During that call, Beltowski said that he had choked Moraczewski "until he turned purple" and then had held the strap "for another thirty seconds." (Beltowski later maintained that he released the

strap seconds after Moraczewski passed out.) Beltowski also told Jeffrey that Moraczewski might still be alive, so Jeffrey rushed over to the house—where he found Moraczewski lying on a couch with the rifle strap twisted around his neck. According to Jeffrey, the strap was twisted so tightly that he had to rotate the rifle four times to loosen the strap. Jeffrey rushed Moraczewski to the hospital, where Moraczewski was declared dead. Soon thereafter, the State charged Beltowski with murder.

At trial, Beltowski argued that he had acted in self-defense. The trial court instructed the jury on self-defense under Michigan law without objection. The jury found Beltowski guilty of second-degree murder. On direct appeal, Beltowski challenged his conviction on various grounds, none of which concerned the self-defense instruction. In state post-conviction proceedings, however, Beltowski argued that the instruction violated due process. The Wayne County Circuit Court rejected that argument, and the Michigan Court of Appeals and Michigan Supreme Court denied Beltowski's application for an appeal.

Beltowski thereafter filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254, arguing among other things that the self-defense instruction violated due process and that his counsel provided ineffective assistance. The district court denied the petition. This appeal followed.

## II.

We review a district court's denial of a habeas petition de novo. *See Mendoza v. Berghuis*, 544 F.3d 650, 652 (6th Cir. 2008). Although the State argues that Beltowski's claims are procedurally defaulted, we cut to the merits because a procedural analysis would only complicate the case. *See Storey v. Vasbinder*, 657 F.3d 372, 380 (6th Cir. 2011).

Beltowski claims that the jury instruction on self-defense violated due process. The Wayne County Circuit Court rejected this claim on the merits, which Beltowski argues was "an unreasonable application of" clearly established Supreme Court precedent. 28 U.S.C. § 2254(d)(1). To succeed on that argument, he must show that no "fairminded" jurist could have rejected his claim that the instruction violated due process. *Harrington v. Richter*, 562 U.S. 86, 101 (2011) (internal quotation marks omitted).

The Supreme Court has made clear that "not every ambiguity, inconsistency, or deficiency in a jury instruction" violates due process. *Middleton v. McNeil*, 541 U.S. 433, 437 (2004) (per curiam). Rather, the error "must be so egregious" that it rendered "the entire trial fundamentally unfair." *White v. Mitchell*, 431 F.3d 517, 533 (6th Cir. 2005). And few instructional errors "violate fundamental fairness." *Estelle v. McGuire*, 502 U.S. 62, 73 (1991) (internal quotation marks omitted). Moreover, fundamental fairness is the type of "general standard" where under § 2254(d)(1) state courts have particular "leeway . . . in reaching outcomes in case-by-case determinations." *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004).

Beltowski argues that the self-defense instruction violated due process in four respects. First, the trial court instructed the jury that "the person claiming self-defense must not have acted wrongfully and brought on the assault." Under Michigan law, a person cannot claim self-defense if he was "the initial aggressor." *People v. Riddle*, 649 N.W.2d 30, 35 n.8 (Mich. 2002). Beltowski asserts that the jury instruction in his case was "overly broad" because, he says, the jury could have found that he acted wrongfully and brought on the assault even if he was not the initial aggressor. *See* Beltowski Br. at 27. In support, he proposes various hypothetical scenarios purporting to show that the jury could have improperly rejected his self-defense argument. But a jury instruction does not violate due process simply because there is a hypothetical "possibility that the jury misapplied

the instruction." *Waddington v. Sarausad*, 555 U.S. 179, 191 (2009) (internal quotation marks and alterations omitted). Here, as the Wayne County Circuit Court noted, the instruction "essentially describe[s] a person who is the aggressor[] or initiator of an altercation." Hence the instruction was fair enough for constitutional purposes.

Second, the trial court instructed the jury that "the defendant must have honestly and reasonably believed that he had to use force to protect himself from the imminent unlawful use of force by another." Beltowski asserts that the instruction required the jury to assess whether Moraczewski's actions were unlawful rather than whether Beltowski reasonably believed the actions to be unlawful. But the instruction here almost exactly tracked the language in Michigan's self-defense statute. *See* Mich. Comp. Laws § 780.972. And both the statute and the instruction required the jury to assess the reasonableness of Beltowski's belief, not the lawfulness of Moraczewski's actions. *See People v. Orlewicz*, 809 N.W.2d 194, 201 (Mich. Ct. App. 2011). Moreover, the trial court specifically instructed the jury that so long as Beltowski's "belief was honest and reasonable" he could defend himself even if it turned out later that "he was wrong about how much danger he was in." Hence this argument too is meritless.

Third, the trial court instructed the jury that "the right to defend [oneself] only lasts as long as it seems necessary for the purpose of protection." Under Michigan law, a person may act in self-defense only if he "honestly and reasonably believes" that the use of force "is necessary." Mich. Comp. Laws § 780.972. Beltowski objects that the words "protection" and "seems" appear nowhere in the statute. But these words are simply another way of saying that the person must reasonably believe that the act of self-defense is necessary. *See Riddle*, 649 N.W.2d at 39. Hence this argument also fails.

Finally, Beltowski argues that the trial court should have included certain language that appears in Michigan's model jury instructions. But an "omission" or "incomplete instruction" is less likely to violate due process "than a misstatement of the law." *Henderson v. Kibbe*, 431 U.S. 145, 155 (1977). And a federal court may not grant habeas relief simply because an instruction deviated from a state's model jury instructions. *See Estelle*, 502 U.S. at 72. Here, the self-defense instruction "as a whole" shows that these omissions did not render Beltowski's entire trial fundamentally unfair. *See Sarausad*, 555 U.S. at 191 (internal quotation marks omitted). Thus, the state court reasonably found that the instruction did not violate due process.

Beltowski also argues that his counsel provided ineffective assistance by failing to argue that the self-defense instruction violated his constitutional rights. But that argument fails because, as shown above, such an argument would lack merit. *See Shaneberger v. Jones*, 615 F.3d 448, 452 (6th Cir. 2010).

The district court's judgment is affirmed.